THE STATE, JULIUS ROEHERS, PROSECUTOR, v. HENRY REMHOFF.

1. It is not the province of this court on *certiorari* to determine disputed questions of fact, or consider the weight of evidence, in order to review the findings of the Court of Common Pleas on appeal from courts for the trial of small causes, especially when there exists any evidence to support such findings.
2. In all civil actions in this state by statute, the parties to the action shall be admitted and sworn when called as witnesses by the adverse party.
3. Whilst a man may keep a dog for the necessary defence of his house, garden or fields, yet if the dog be vicious and the owner is previously aware of this viciousness, if he permit it to be at large upon the highway and a person be bitten by the dog, the owner is liable in damages.

On *certiorari.*

Argued at February Term, 1893, before Justices DEPUE and LIPPINCOTT.

For the plaintiff, *Addison Ely.*

For the defendant, *Peter W. Stagg.*

The opinion of the court was delivered by

LIPPINCOTT, J. This *certiorari* brings up a judgment of the Court of Common Pleas of the county of Bergen, on appeal

from the court for the trial of small causes, before Adolph Krueger, a justice of the peace of that county.

The action was in tort, and the judgment in the court for the trial of small causes was in favor of the plaintiff and against the defendant for the sum of $23 and costs, and in the Common Pleas on appeal, upon a trial *de novo,* this judgment was affirmed.

The state of the case shows that the plaintiff in the cause, on the 18th day of August, 1891, whilst passing along the highway on the sidewalk in front of the defendant's house, in the township of Lodi, Bergen county, was bitten in the leg by a dog belonging to the defendant, the dog being at the time in charge of a nurse girl working for the defendant, and the plaintiff, by reason of the injury arising from the wound, was confined to his house for a week to ten days with a fever, and was attended by a physician for his injuries. The evidence on the trial in the Common Pleas is given to some extent in the state of the case.

The defendant was called as a witness by the plaintiff. The defendant objected to being sworn as a witness, the objection was overruled and the defendant was sworn as a witness for the plaintiff. He testified that the dog was kept by him as a shepherd dog, as a family dog and a watchdog; that he had owned the dog for eight years, and that the dog was a sharp dog and that he kept him for the purpose of keeping tramps out of his grounds.

Upon being asked whether the dog was a vicious dog, he answered that the dog "was a vicious dog; that he was cross to strangers, sharp and active."

On cross-examination he stated that by "vicious" he did not mean that the dog was ugly, but that he was a "sharp dog;" that he had seven children and a number of laborers all the time; that he had strangers coming and going to and from the yard where the dog was kept, and that no one had ever been injured in any degree.

Anton Farley, a witness produced by the plaintiff, testified

that he was bitten by this same dog two weeks after Remhoff, the plaintiff, was bitten.

The physician testified that he treated the plaintiff for a fever at the time, but could not tell whether the fever resulted from the bite of the dog or not.

Upon this evidence the defendant moved for a nonsuit, which was refused. This motion was denied on the ground that the dog was a vicious dog, and that the defendant had knowledge of its viciousness.

For the defence the defendant again testified that the dog was a watchdog, sharp to bark; that he was always loose about the house, and accompanied his children when they went out; that the dog ran loose among his men, and that strangers were coming and going all the time; that the dog had never injured anyone, nor had complaint ever been made to him by anyone.

Two other witnesses were produced, who testified that they had often been to the house of the defendant alone by themselves and with others; that they often saw the dog there; that they were not afraid of the dog and had never been injured by it.

William Mathe, a witness, swears that he saw the plaintiff after he was bitten, and that the wound was a slight one—"a mere scratch," as he calls it.

The state of the case does not show that the plaintiff when bitten did any act whatever which incited the dog to attack him.

The finding of the Court of Common Pleas was that the defendant's dog was one of vicious propensities, and that the defendant had knowledge of these vicious propensities, and was therefore liable for damages for the injuries inflicted upon the plaintiff.

It is not claimed that the damages were excessive.

There seems to be a contention that a reversal here should obtain because the plaintiff below called the defendant, the adverse party, as a witness, against objection then made by him. But the force of this contention is entirely avoided by

the statute, which provides that in all civil actions in any court of record in this state the parties to the action shall be admitted and sworn when called as witnesses by the adverse party, and when any party is so called he shall be subject to the same rules as to examination and cross-examination as other witnesses. *Rev., p.* 378, § 2; *Van Valkenberg* v. *Den, Rahway,* 3 *Zab.* 583.

Much of the argument and briefs of counsel are devoted to the discussion of the question of fact arising from the evidence, whether the dog was of vicious propensities or not; and, secondly, if of vicious or mischievous propensities, whether the defendant, who was the owner of the dog, had notice of such propensities.

The court below concluded upon both these questions in favor of the plaintiff, and upon the evidence it would appear that the findings of the Court of Common Pleas upon these two questions were entirely justifiable.

The court below has substantially certified the evidence in this case, and even if there be a dispute upon that evidence upon these two questions of fact, it would not be the province of this court upon *certiorari* to determine such disputed questions of fact, and to consider its weight or sufficiency so as to review the findings of the Court of Common Pleas, especially when there is any evidence to support such findings.

On *certiorari* to a justice's court, or the Court of Common Pleas, on an appeal from the court for the trial of small causes, this court will not determine disputed questions of fact, nor retry the case upon the merits. *Craft* v. *Smith,* 6 *Vroom* 302; *Jeffrey* v. *Owen,* 12 *Id.* 260; *Overseer of Madison* v. *Overseer of Monroe,* 13 *Id.* 493; *Britton* v. *McDonald,* 14 *Id.* 591; *Lush* v. *Foster,* 15 *Id.* 378; *Sloan* v. *Wills, Id.* 584; *Tewkesbury* v. *Branchburg, Id.* 595.

The conclusion of the Court of Common Pleas as matter of fact that the dog of the defendant was of vicious propensities, and that the defendant had previous knowledge of such propensities being well founded in law, it follows that the

plaintiff should recover for the injury committed by the dog upon him.

He was in a place where he had the lawful right to be—on the highway—passing along the sidewalk in the daytime, and, without inciting the dog to any such act, he was bitten. Now, while a man may keep a dog for the necessary defence of his house, garden and fields, yet if the dog be vicious and the owner knows it, if he permit it to be at large upon the highway and a person be bitten, the owner is liable in damages.

And generally it is well established that the owner òf a vicious dog is liable for any injury committed by the dog if he had previous knowledge of its vicious propensities. 1 *Hilliard Torts* 644; 1 *Add. Torts (Wood's ed.)*, §§ 261, 262, 263; *Perkins* v. *Mossman*, 15 *Vroom* 579.

The judgment below should be affirmed.