### NEW JERSEY PRODUCE COMPANY v. NATHAN GLUCK.

Submitted July 2, 1909—Decided November 22, 1909.

1. Unless the record shows that all the evidence on a given point is laid before the Supreme Court, it cannot, on *certiorari*, decide that a finding of the trial judge, sitting without a jury, on that point was unsupported.

2. An assignment of a chose in action need not necessarily be in writing in order to be valid in law.

3. Where an assignment of a chose in action admits of two interpretations with respect to the subject-matter in the contemplation of the parties, parol evidence is admissible to show the subject-matter to which the parties referred.

4. In reviewing in the Supreme Court a judgment of the District Court by *certiorari*, no intendment will be taken against the judgment, but rather in favor of it.

---

On *certiorari*.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the prosecutor, *Leo Goldberger.*

For the defendant, *Thomas Brown* and *Jesse Colyer.*

The opinion of the court was delivered by

TRENCHARD, J.   This *certiorari* brings up for review a judgment of the District Court of the city of Perth Amboy rendered by the judge, sitting without a jury, in favor of the plaintiff below, the New Jersey Produce Company, a corporation.

The return to the writ is informal and incomplete, but from an examination thereof we gather that the action is one to recover on a book account for merchandise sold and delivered by one William H. Fullerton to the defendant, Nathan Gluck, the plaintiff claiming by virtue of an assignment from Fullerton.

The defendant contends that the court below was without jurisdiction to render judgment for the plaintiff because "the plaintiff had not proved his case."

The defendant's argument is that the written assignment from Fullerton to the plaintiff, a copy of which is annexed to the return, does not have the effect of transferring the book account in question to the plaintiff.

To this contention there are two answers—*first,* only a part of the evidence is certified to us, and hence we cannot say that there was no evidence on which the trial judge could determine that issue in favor of the plaintiff.   *Barclay* v. *Brabston,* 20 *Vroom* 629.

An assignment of a chose in action need not necessarily be in writing.   *Hutchings* v. *Low,* 1 *Gr.* 246; *Sullivan* v. *Visconti,* 39 *Vroom* 543, 546.

It may well have been therefore that the trial judge had before him evidence, other than the written assignment, warranting his finding of an assignment of the book account—*secondly,* the language of the written assignment seems broad enough to include the book account in question.   The most

that can be contended by the defendant is that it admits of two interpretations with respect to the subject-matter in the contemplation of the parties. But if that be so, parol evidence was admissible to show the subject-matter to which the parties referred. *Bell* v. *Martin,* 3 *Harr.* 167; 2 *Am. & Eng. Encycl. L.* (*2d ed.*) 289.

Since no attempt is made to dispute the finding of the trial judge, we will not assume that he found as a fact that which had no evidence to support it. *Barclay* v. *Brabston, supra.*

No intendment will be taken against the judgment below, but rather in favor of it. *Roehers* v. *Remhoff,* 26 *Vroom* 475; *Somers* v. *Wescoat,* 37 *Id.* 551.

The judgment of the court below is affirmed.