[Sac. No. 2146.   Department Two.—March 25, 1915.]

I. E. THAYER, Appellant, v. CARL R. TYLER,
Respondent.

NEGLIGENCE OF MANAGER OF RANCH—DAMAGES TO TREES AND CATTLE—
FINDINGS—EVIDENCE—REVERSAL ON APPEAL.—In an action against
the manager of a ranch to recover damages for his negligence in the
performance of his duties, resulting in the loss of certain trees and
cattle, a judgment in favor of the defendant will not be reversed
because certain findings of the court were not supported by the evi-
dence, if the court did find, on conflicting evidence, that the alleged
losses did not result from the negligence of the defendant.

ID.—FAILURE OF EVIDENCE TO SUPPORT FINDING—NECESSITY OF REVERSAL.
It is only when a judgment rests for its validity upon a finding
which is not supported by the evidence or which negatives a fact ad-
mitted by the pleadings, that injury is worked and a reversal must
follow.

ID.—REVIEW OF FINDINGS AS TO AMOUNT DUE.—The findings as to the
amounts due the defendant under his answer, counterclaim, and cross-
complaint are construed and held not to be contradictory or am-
biguous.

ID.—INADEQUACY OF WATER SUPPLY FOR IRRIGATION—TESTIMONY OF
PRACTICAL RANCHER.—A practical rancher, who had lived in the
neighborhood of the property in question for fifteen years, had
worked upon it in the capacity of attending to its irrigation, and
knew it well, is qualified to testify as to the inadequacy of the water
available for irrigating the orchard on the property during specified
years.

APPEAL from a judgment of the Superior Court of
Placer County.   J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

James M. Oliver, and John M. Fulweiler, for Appellant.

Prewett & Chamberlain, for Respondent.

HENSHAW, J.—Plaintiff alleged that he was the owner
of a ranch situated in the county of Placer; that the ranch
was of about five hundred acres, fifty acres of it being
planted to orange and other fruit trees.   The remainder was
grazing land on which were a number of cattle.   He em-
ployed defendant for a period of three years from April,

1909, as manager of the ranch. He authorized defendant to procure from business houses in the city of Lincoln, near the ranch, all materials necessary properly to care for the orchard and properly to feed and care for the stock. Plaintiff alleged that he had ample credit in the business houses of Lincoln to enable defendant so to procure all of the indicated necessaries; that defendant negligently failed to care for the orange trees, so that four hundred or more of them died, and he negligently and willfully failed to procure sufficient feed for the stock and to properly and sufficiently feed them, whereby about twenty head of cattle died from starvation and diseases incident thereto. He laid his damages for the loss of his orange trees in the sum of four thousand dollars, and for his cattle in the sum of six hundred dollars, and prayed judgment accordingly. The answer denied substantially all the allegations of the complaint. In denying the existence of the contract between the parties set up in the complaint, defendant averred a specific contract in terms as follows:

"March 20, 1909.

"Mr. CARL R. TYLER, Lincoln, California.

Dear Sir:

"In regard to future management of Valle Vista, I offer the following for your consideration:

"I will pay you a monthly salary of $75.00 and you to do the best you can to early get the place on a paying basis. In addition to monthly salary, if on the first of April each year, it is found that the income from the orchard and cattle exceeds the expense of maintenance, you to then receive 25 per cent of that net profit.

"Agreement for three years from April 1st, 1909.

"Yours very truly,

I. E. THAYER."

By way of alleged counterclaim and cross-complaint defendant set forth the due performance of his duties under this contract and an indebtedness in his favor arising thereunder in the sum of $697.51. He further alleged that profits had accrued under his management, and asked for an accounting of these profits. By a separate defense, alleged by way of counterclaim and cross-complaint he set forth an indebtedness due him from plaintiff in the sum of nine dol-

lars for merchandise purchased for plaintiff at his special instance and request.

The court found and concluded as follows:

"The court finds that each and all of the allegations of the amended complaint of plaintiff are untrue and that each and all the denials and allegations of the answer, counterclaim and cross-complaint of defendant are true, except that no profits have accrued from the ranch and except that only $518.30 is due to defendant (instead of $697.50).

"The court concludes that defendant is entitled to a judgment, that plaintiff take nothing by this action and that defendant should have judgment for $518.30, and costs."

These general findings of the untruth of each and all of the allegations of the complaint are made the basis of the attack upon this appeal. Thus it is said that in this general finding is embraced the finding that plaintiff was not the owner of the land in question and that this was abundantly proved. Appellant is correct in this respect. The general finding declares it to be untrue that defendant entered upon the properties of plaintiff and accepted employment from him, while the uncontroverted evidence establishes that defendant did so. In this also appellant is correct. Again it is said that the findings negative the allegations of the complaint that plaintiff had full and ample credit in the business houses of the city of Lincoln for all necessary purposes connected with the operation of his ranch. The evidence abundantly establishes that he did have such credit. The findings negative the allegations of the complaint that four hundred or more orange trees died, and this finding is certainly contrary to the evidence. Sufficient has been said to exemplify the proposition which appellant advances upon this appeal. But as to some of these allegations there was no denial in the answer. As to the others, if the judgment depended upon them a reversal would be necessitated. But, as we shall proceed to show, they are not material to the decision of the case and the judgment which the court gave is not dependent on them. It is only when a judgment *rests for its validity* upon a finding which is not supported or which negatives a fact admitted by the pleadings, that injury is worked and a reversal must follow. (*Silvey* v. *Neary*, 59 Cal. 98; *Estate of Doyle*, 73 Cal. 570, [15 Pac. 125]; *Diefendorff* v. *Hopkins*, 95 Cal. 343, [28 Pac. 265, 30 Pac.

549] ; *Machado* v. *Kinney,* 135 Cal. 354, [67 Pac. 331].)
Thus, assuming for the moment that plaintiff did own the
ranch, that he did have ample credit, that four hundred
orange trees of the value of four thousand dollars died, that
cattle to the value of six hundred dollars died, underlying
all these facts, to establish the responsibility of defendant, it
must be shown that the death of the orange trees and the
cattle resulted from his negligent performance of the duties
imposed upon him. For if these losses did not so result
there is an end of defendant's responsibility and so of plain-
tiff's cause of action. Upon this all vital proposition the
evidence is conflicting, and the determination of the trial
court in defendant's favor may not here be disturbed.

A minor objection advanced by plaintiff is that the find-
ings are contradictory and therefore will not support the
judgment. The attack under this proposition is based upon
the finding of the court that the allegations of the answer,
counterclaim, and cross-complaint are true, except that no
profits accrued from the ranch, and that only $518.30 is due
to the defendant instead of $697.50, the amount defendant
alleges. We need not follow in detail appellant's argument.
It is, in brief, to the effect that if all the allegations of the
counterclaim and cross-complaint are true, there was due to
defendant $697.50 under the first item of counterclaim, and
nine dollars under the second. But the court awarded only
$518.30. It is said that the court evidently did not, in its
own mind, believe the allegations of the counterclaims to be
true, or it would have awarded this amount, and that it
cannot be determined which of these allegations the court
believed to be untrue when it awarded only $518.30. We
are not able to approve this reasoning. Manifestly what the
court meant was that while defendant asserted a right to
recover upon one counterclaim and cross-complaint $697.50,
and upon another independent claim nine dollars, it finds
that the total amount under the two which he is entitled to
recover is $518.30. So construed, there is no contradictori-
ness nor even ambiguity.

Julius Hibbe, called upon the part of the defendant, tes-
tified that he was a rancher by occupation, lived in the neigh-
borhood of the Thayer Ranch for fifteen years and knew the
ranch well; that he had worked upon it, that his work was
to attend to the irrigation of the ranch, that the water used

in the irrigation was obtained from the South Yuba Company, that frequently there was a shortage of water, and then answered, over the objection of plaintiff, certain questions, to the effect that in 1910 there was not water enough to irrigate the orchard, using all of the water available; that the same was true in 1909. It is contended that these answers were inadmissible; but as the witness was not shown to be an expert in the matter of the · water requirements of an orange orchard, some practical knowledge and familiarity with conditions were necessary before any witness could intelligently and properly answer the question. But it by no means follows that a man who has been a farmer for fifteen years, who has been engaged in the work of cultivating the orchard in question and in attending to its water supply, was not qualified to answer upon these matters of fact.

No other matters advanced by appellant call for specific consideration.

For the reasons given the judgment appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.