[Civ. No. 6245. Second Appellate District, Division Two.—September 17, 1929.]

EDWARD HALMINSKA (a Minor), Appellant, v. J. F. KOBLER, Respondent.

Charles R. McCarty for Appellant.

Willard G. Cram for Respondent.

CRAIG, J.—The appellant, a minor child of the age of about three years, while playing with several other children, alleged by his guardian *ad litem* that he was bitten by a dog, of which the respondent was the owner. Evidence having been presented on behalf of the plaintiff, a nonsuit was asked, which was granted, and he .appeals.

The respondent was a contractor, and at the time of the occurrence in controversy had driven to a schoolhouse which was in process of construction. Respondent's dog, a Boston terrier about nine months old and weighing about twelve pounds, mingled with the boys while respondent was about the premises. Plaintiff's witnesses, consisting of boys ranging in ages up to fifteen years, differed as to whether or not the children played with the dog, but all were unanimous in the statement that the puppy bit the plaintiff in the hand. It appears that this caused a small laceration about

one-fourth of an inch in width on the web of the left palm, between the second and third fingers. Some of the witnesses swore that they saw the dog follow the child and bite him, but did not see anyone playing with it. Others testified that they were playing with the dog, that they would run back and forth and that it would run after them. ▮

There is no evidence tending to show that the animal had previously bitten anyone, or that it had shown signs of viciousness. In the opening brief. appellant states: ''The plaintiff is mindful of the rule that in order for him to recover in this character of action, it must appear that the defendant owner was aware of the vicious proclivities of the animal.''

The only evidence upon this subject consisted of statements by playmates of the plaintiff that when the defendant arrived the dog was placed in a shed, which the defendant thereafter opened, and that the dog came out and began chasing them as they ran about at play, and the statements of defendant on examination by plaintiff's counsel. In this latter respect it appears that the defendant lived in an apartment, where the dog remained at night and part of the daytime; that ''he was simply a pup, and playful''; that he was affectionate, anyone could pick him up, and that he had been stolen upon one occasion. The defendant swore that it was ''just a play dog,'' and that at times he was placed on a leash to prevent him from running away or being injured by traffic, but that aside from that it was permitted to be at large. Upon the occasion in question, he testified that he did not put the dog in a shed; that he ''stood in front of the little shed there we had for an office about 15 minutes, the dog staying there until the children got hold of him, got to playing with him,'' and that he saw them playing with him. Appellant stressed the remark of defendant that there were signs on the new building indicating danger, to which he explained: ''We naturally put up a sign over the door, to protect ourselves from people coming in, from falling material and so forth. . . . We do on all jobs.''

It will thus be observed that not alone is there an absence of evidence tending to show knowledge of vicious proclivities, but a lack of evidence which might lead to the belief that such traits existed in fact. A photograph of the ani-

mal introduced on behalf of the plaintiff showed the puppy in the arms of a small child, and the defendant appears to have knowingly and willingly permitted it to play with the children on the morning of the occurrence in question. He testified that he did not know that it would annoy or injure anyone, and did not believe the plaintiff was injured as alleged, for the reason that when he called the dog to him later, it came immediately, and the children were all then at play. We think the plaintiff's proof upon the principal issue raised was fatally deficient. In addition to authorities treating generally of the principles involved in such cases where the victims of dangerous animals are shown to have established a *prima facie* case, reliance is sought to be placed upon *Davis* v. *Mene*, 52 Cal. App. 368 [198 Pac. 840]. It there appeared that the plaintiff had been bitten by a bulldog which the defendant chained at home, muzzled when at large and kept as a watch-dog because of thieves in the neighborhood. In opposition to such evidence of the proclivities of the animal, none appears to have been offered tending to show that the defendant was aware that it would bite. It is unnecessary to consider authorities cited, since the legal principles are too well settled for serious controversy; but we think the evidence before the trial court was insufficient to establish a case against the defendant.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.