[Civ. No. 7747. First Appellate District, Division Two.—February 19, 1931.]

MINNIE C. HENSLEY, Respondent, v. GEORGE W. McBRIDE et al., Appellants.

Culbert L. Olson for Appellants.

Fred Mansur and Lois S. Kershner for Respondent.

SPENCE, J.—Plaintiff sought to recover damages for an injury sustained when bitten by a dog belonging to defendants. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiff defendants appeal.

Plaintiff alleged in her complaint that the dog was of "vicious disposition and dangerous character, and evilly disposed toward human beings and other dogs, and accustomed to attack them without provocation, all of which matters were well known to defendants." The court found that the dog was of a "mischievous disposition and of a dangerous character, and evilly disposed toward other dogs and accustomed to attack them, all of which matters were well known to defendants." No finding was made relating to any propensity on the part of the dog to bite or attack human beings. Appellants contend that the evidence was insufficient to support the findings and judgment and in our opinion this contention must be sustained.

It appeared that the dog had been owned by appellants for six years. There was no evidence to show that prior to the day in question the dog had ever bitten or attacked or attempted to bite or attack anyone. Appellants testified that their dog had engaged in a few fights or tussles with other dogs, but it did not appear that he had ever bitten or injured any other dog. Although permitted to run at large and to mingle with adults, children and animals, it was not shown that the dog had ever done any harm or that any complaint had ever been made concerning his actions. On the occasion in question the dog was barking at respondent's dogs and the injury was received when respondent picked up her two small dogs to carry them away.

The well-settled rule relating to the liability of the owner of a dog is stated in 2 California Jurisprudence, page 73, as follows: "In an action to recover damages resulting from the biting by a dog, it is necessary to prove: (1) that the dog bit the plaintiff; (2) that the dog was vicious and accustomed to bite people; (3) that this fact was known to the defendant, and (4) that the dog was harbored or kept by the defendant." (*Smith* v. *Royer,* 181 Cal. 165 [183

Pac. 660]; *Halminska* v. *Kobler,* 100 Cal. App. 598 [280 Pac. 699].) In our opinion the evidence in the present case was insufficient to show knowledge that the dog had previously exhibited any vicious propensities toward either human beings or other animals. As there was no evidence whatever showing any vicious propensities toward human beings, the trial court omitted all reference thereto in its findings. Even assuming that evidence of knowledge of a few fights or tussles over a period of years was sufficient to charge the owner with knowledge that the dog was possessed of vicious propensities toward other dogs, liability for injury to a person may not be predicated on such knowledge. (3 Cor. Jur. 120, and cases cited.)

In effect, respondent urges the abandonment of what is termed the "time worn" doctrine, "that every dog is entitled to his first bite before he becomes a biting dog". (2 Cal. Jur. 74.) Although this may not be an entirely accurate statement of the existing rule, the law of this state has never imposed liability upon the owner of a dog for injuries inflicted upon other persons in the absence of a showing of knowledge on the part of the owner that the dog possessed such vicious propensities. As a matter of policy it may well be argued that under present-day conditions, an absolute liability without regard to knowledge should be imposed upon the owner of a dog for injuries to others especially in cases where the dog is permitted to run at large. However, this is a matter of legislative concern. The legislature has heretofore adopted a rule of absolute liability covering cases where dogs inflict injuries upon sheep, angora goats, cashmere goats and poultry. (Civ. Code, sec. 3341.) Equal solicitude might be shown by the legislature for the welfare and protection of human beings if this situation were called to its attention. Until such time as the legislature acts, we find no justification for departing from the well-settled law of this state on the subject.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.