On the fifteenth day of May, 1929, respondent, as petitioner, filed an application to register, under the Land Title Law, his land described as "Lot `A' of Tract No. 10573, in the County of Los Angeles, State of California, as per map recorded in book 159, page 10 of maps, in the office of the recorder of said county, constituting one parcel of land." The petition contains the usual averments in actions of this character. The appellants are named therein as adjoining property owners. And likewise the separate answers of these appellants contain the usual denials and averments in actions of this character. There is no question of title involved. This is strictly a boundary line case.
This case was submitted to a referee for hearing. The referee filed his report finding for respondent. The appellants filed their exceptions to this report. The trial court, after hearing arguments of respective counsel, approved the report as filed and rendered judgment in favor of respondent.
Appellants contend that there is no evidence in the record to support the following finding: "The contestant Allison in 1917 procured a decree of this court registering the land which he now owns. The county surveyor has approved the description in this petition and I find that the west line of tract No. 10573 coincides with the east line of the property of Allison as registered in L.R. 149, application 70."
[1] Respondent virtually concedes this but contends that "the matter was referred to the Referee to investigate all the facts and to report, as provided under section 18 of the Land Registration Act; and it has been held by this Court that such proceeding is proper even under sections 638 and 639 of the Code of Civil Procedure". (In re Application of Reed, 204 Cal. 119
[266 P. 948].) We find nothing in this act, or sections of the Code of Civil Procedure referred to, vesting a referee with power to make findings not based on evidence regularly admitted at the hearing. It certainly cannot be maintained that a referee can be clothed with power not possessed by the court appointing him. "We have repeatedly held, that a trial before a referee should be conducted in the same manner as though it was had before a court." (Goodrich and Myers v. Mayor and Common Council ofMarysville, 5 Cal. 430, 431.) (See, also, Phelps v. Peabody,7 Cal. 50.) In re Reed, supra, *Page 32 
is not in point. In that case the judgments were offered and were admitted in evidence both upon the hearing and before the trial court upon the report of the referee. We think appellants' contention must be sustained as to this finding by the referee.
[2] However, we find the following stipulation and statements of counsel in the record, "It was thereupon stipulated that the land described by metes and bounds in the deed from Mr. Needham to Hurst in 1909 was the same as that designated as lot A, Tract No. 10573. . . . Mr. Bidwell: I don't think, as far as the survey is concerned, we can show any change. We have had it surveyed. . . . Mr. Bidwell: . . . If the record title is in Mr. Hurst, then of course, our only other title would be to establish an agreed boundary line."
We think that the above stipulation and statements of counsel together with the other evidence in the case sufficient to sustain the findings and that the judgment of the trial court should be affirmed. "Or, in other words, however unsupported, however lame, however inconclusive, any number of the findings may be, if in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded. (Thayer v. Tyler, 169 Cal. 671 [147 P. 979].)" (AmericanNat. Bank v. Donnellan, 170 Cal. 9, 15 [148 P. 188, 190, Ann. Cas. 1917C, 744].)
We have examined the record and find no reversible error committed by the referee in admitting or striking out evidence.
Judgment affirmed.
Barnard, P.J., and Marks, J., concurred.
A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933. *Page 33