[Civ. No. 9477.   First Appellate District, Division One.—May 29, 1935.]

SHREVE & COMPANY (a Corporation), Respondent, v. FELIX S. McGINNIS, Appellant.

C. W. Durbrow and Sullivan, Roche, Johnson & Barry for Appellant.

McCutchen, Olney, Mannon & Greene for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by defendant from an adverse judgment in a suit against him for the purchase price of two pieces of jewelry. Respondent counted on a written contract in the form of a letter written to appellant setting out the terms of the contract, across the bottom of which appellant had written "O. K." and signed his name. The letter, dated Dec. 28, 1931, read in part: "We herewith acknowledge your purchase of the emerald cut diamond ring and the wide diamond bracelet for the sum of $18,500.00. We will hold them in our vault in your name with the understanding that they are not to be paid for until you take delivery on June 1st, 1932."

Appellant defended on the ground that the letter was signed by mistake under the belief, induced by the fraudulent representation of respondent's salesman, that the letter correctly expressed an alleged previous oral agreement that respondent would hold the jewelry subject to the right of appellant to buy it on June 1, 1932, at the stipulated price if he then desired to do so.

The trial court found against appellant, and appellant's first contention is that the evidence of respondent's salesman is so inherently improbable and obviously false that as a matter of law appellant was entitled to judgment. Without enlarging upon the evidence it is sufficient to point to the rule, recognized by appellant, that where the evidence is in a state of conflict this court is lacking in authority to inter- fere with a judgment entered by the court below. Respond- ent's salesman testified positively that appellant orally agreed

to the purchase and that the letter which appellant afterwards signed embodied the precise terms of this oral agreement. Appellant points to certain facts in evidence which he claims are entirely inconsistent with this testimony. While such facts might create a doubt that the salesman's testimony is true, they did no more than to raise a conflict in the evidence which it was for the trial court to resolve.

It was appellant's contention that he signed the contract without reading it. The trial court found against this allegation, and this finding is claimed to be without support in the evidence. No one representing respondent was present when appellant signed the letter and appellant and two other witnesses testified that he signed it without reading it. The finding is not necessary to support the judgment, and whether the finding is supported by the evidence is therefore immaterial. (*Thayer* v. *Tyler,* 169 Cal. 671, 673 [147 Pac. 979]; *In re McNamee,* 131 Cal. App. 30, 32 [20 Pac. (2d) 722].) This becomes clear if we recall that the court found that the writing as signed correctly set out the previous oral agreement of the parties. Whether or not he read the letter, appellant knowingly signed it believing it to be a correct memorandum of his agreement, and that is what the trial court found it to be.

Appellant contends further that the court erred in admitting evidence that respondent put the jewelry aside for appellant, wrapped in a duplicate of a sales tag that it had made out in his name, on the ground that such evidence was of self-serving acts not binding on appellant.

By the terms of its agreement respondent was to hold the jewelry in its vault in appellant's name. It alleged in paragraph III of its complaint that it had done so and this was denied in paragraph II of the answer. The court admitted this evidence for the limited purpose of proving this allegation. In this there was no error.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.