[Civ. No. 13233. Second Dist., Div. Two. Apr. 25, 1942.]

ELAINE MENCHES et al., Respondents, v. INGLEWOOD HUMANE SOCIETY (a Corporation) et al., Appellants.

Sidney A. Moss for Appellants.

Don Lake and Edgar Mulvihill for Respondents.

MOORE, P. J.—This action is for damages resulting from the bite of an unruly dog which had been impounded and for

a time kept by defendants before its sale and delivery by them to plaintiffs. The question for determination is whether, after payment of the impoundage and the acceptance of the animal by plaintiffs at their home, defendants are liable under the dog bite statute which imposes liability upon the owner of a vicious dog when it bites another.

Plaintiffs' ground for recovery was stated in two causes of action: by the first they alleged that the defendants knowing it to be vicious and accustomed to bite mankind did negligently harbor a vicious dog and suffer it to go at large without being properly guarded or confined; that by reason of such carelessness of defendants in permitting the animal to run at large, and with knowledge of its ferocity, plaintiff Elaine was attacked and bitten by the dog to her damage. In the second count, it is alleged that plaintiffs agreed to purchase a dog from defendants; that it was vicious and accustomed to bite mankind, which facts were known to defendants and unknown to plaintiffs; that when defendants brought the animal to plaintiffs' home, they negligently failed to inform plaintiffs of such cruel and furious temper of the beast and allowed it to run at large without proper restraint; that by reason of such negligence Elaine received great bodily injury to her damage in the sum of $25,000.

At the conclusion of the trial, the court peremptorily instructed the jury to return a verdict for defendants. Thereafter a motion for new trial upon the statutory grounds was granted because "the court erred in taking certain questions from the jury."

In order to warrant a judgment in favor of plaintiffs, it was necessary for the court to find in accordance with the allegations of either or both of the two counts. While there was an attempt in the second count to allege a different ground for recovery, in substance it is identical with the first in that both of them charge defendants with negligence in permitting a vicious dog to run at large unattended.

In the first count the allegation of the untamed qualities of the dog is accompanied by the statement that such propensities were within the knowledge of defendants; in the second count it is charged that defendants negligently failed to advise plaintiffs that the dog was vicious.

The facts in proof are that the defendant society, pursuant to its contract with the board of supervisors, was keeping the police dog when plaintiff Anthony called at the pound of the society on a Saturday, inspected the dog, entered the cage where he was kept and was told by defendants that the dog

was friendly, "very nice" and a good watch dog with a "husky bark." He had been harbored for about two weeks by defendants. On the following Monday morning in a telephonic conversation, Anthony was told that Brown would arrive at the home of the plaintiffs within thirty minutes with the dog. After his arrival, Brown advised plaintiffs to buy a long chain with which to keep the dog in restraint and to step on his toes if he caused annoyance by jumping upon them. The dog was then turned loose and ran about the yard as Brown wrote a receipt for $1.50 "a general charge that he had to make." Thereupon Anthony Menches paid Brown $1.50. While the dog was running around, Elaine fed him pieces of steak from her hand. After ten minutes as Brown was departing the dog leaped upon Mrs. Menches, sank his fangs into her mouth and caused her the injuries of which she complained.

Under the state of the pleadings as presented at the trial, the basis of plaintiffs' right to recover must be founded upon the dog bite statute of 1931 (Stats. 1931, p. 1095, Deering's Gen. Laws, Act 384a), which reads as follows: "The owner of any dog which shall bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

Much of the discussion presented by respondents' brief is to the effect that the society was the owner of the animal and therefore itself and its servant are liable, while appellants contend that the society was merely a keeper and had no title or ownership of the dog or knowledge of its vicious tendencies. ■ It may here be observed that liability for the bite of a dog may attach not only to the owner without reference to knowledge but also to a keeper as well if the latter has knowledge of the viciousness of the animal. (*Smith* v. *Royer*, 181 Cal. 165 [183 Pac. 660]; *Hensley* v. *McBride*, 112 Cal. App. 50 [296 Pac. 316].)

■ The evidence discloses beyond a peradventure that the plaintiffs dealt with the defendants for the purpose of procuring the ownership of the dog. That ownership became absolute upon delivery of the animal to plaintiffs and the payment by them of the impounding fee requested by Brown. The fact that the ownership had been vested in plaintiffs only ten minutes does not minimize or alter the significance of the

acts of the acceptance of the dog and the payment of the required fee. Their title to the dog became vested in plaintiffs just as conclusively as though they had housed him for more than three years and had asserted adverse title to him. Title was transferred by virtue of the following facts: (1) that an instrumentality of the state, pursuant to statutory authority (Act 384, Deering's Gen. Laws, 1937) had taken the animal into its custody; (2) the former owner having abandoned his pet; (3) acceptance of the animal, and (4) payment of the poundage. If the title to the animal was not vested in plaintiffs by their acceptance of the dog and the payment of the impoundage, then all statutory provisions regulating the care and disposition of estray animals (Agricultural Code, §§ 391-416, and Acts 384 and 384a, Deering's Gen. Laws, 1937) are ineffectual for the purpose of governing their treatment and for the purpose of enforcing the payment of liens upon such animals. (See Agricultural Code, § 396.) Upon payment of the charge made by the society, the ownership of the dog was vested in plaintiffs to the same extent that the purchaser of a thing at a finder's sale becomes its owner. (Civ. Code, §§ 1865, 1869, 1870.) The dog which caused the suffering of Mrs. Menches was the proper subject of transfer to a stranger by defendant society which had been engaged to perform such office. The transfer was effected prior to its attack upon the unfortunate lady. Therefore, under the dog-bite statute, she has no valid claim against the defendants.

Under the facts disclosed by the record, it is conceivable that the plaintiffs might have stated a cause of action for breach of warranty or for fraud in inducing plaintiff to purchase the dog by making statements as to its qualities without having sufficient knowledge to warrant the declarations with reference thereto. The pleadings before us are not based upon any such claims.

The record is barren of evidence tending to show that defendants were aware of any facts indicating that the dog was vicious. It is therefore unnecessary to pass upon the question whether the second count alleges facts sufficient to permit recovery on the ground of negligence.

Since plaintiff had no right to recover, the court erred in granting the motion for a new trial.

The order is reversed.

Wood (W. J.), J., and McComb, J., concurred.