[Civ. No. 14387. Second Dist., Div. Two. June 29, 1944.]

JUDITH ARLENE GOLDBERG, a Minor, etc., et al., Respondents, v. B. D. RABUCHIN et al., Appellants.

Charles Murstein for Appellants.

Wolfson, Swetow & Essey for Respondents.

McCOMB, J.—This is an appeal by defendants from a judgment in favor of plaintiffs, after trial before the court without a jury, in an action to recover damages for personal injuries sustained by plaintiff, Judith Arlene Goldberg, a minor, as a result of having been bitten by two dogs which belonged to defendants.

The evidence being viewed in the light most favorable to plaintiffs (respondents), the essential facts are:

On May 5, 1943, while crossing the intersection of Livonia and Pickford Streets, public highways in Los Angeles, two dogs owned by defendants attacked Judith Arlene Goldberg, a minor nine years of age, and bit her, causing numerous bruises and lacerations on her body.

Defendants rely for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim:

First: *There was not any substantial evidence to sustain the trial court's findings that:*

*(a) The minor plaintiff sustained "two (2) wounds about one and one-half (1½) inches apart on posterior surface of the right leg at the junction of the distal and middle thirds."*

*(b) The minor plaintiff was given sulfanilamide; and*

*(c) Defendants permitted their dogs wrongfully and neg-*

*ligently to go at large without being properly guarded or confined.*

This proposition is untenable.

(a) Dr. Herbert L. Herscher who attended the injured plaintiff testified as follows:

''I can't recall the exact location of each laceration unless I have my notes because it is impossible for a physician to note the location which is unimportant in treatment. This girl came to the office with a bruise on her right elbow, laceration about two and one-half (2½) inches long on the calf of her leg, about two and one-half (2½) inches long on the lateral side of the leg below the knee, laceration about one (1) inch long in the medial side of the right leg, two (2) small lacerations which connected under the skin halfway from the ankle to the middle third of the leg. A deep laceration to the left of the vagina and a small abrasion of the left leg. That is the extent of her injuries.''

The foregoing testimony clearly sustains the first finding which defendants question.

(b) Dr. Herscher also testified:

''We gave this little girl an anaesthetic, cleansed these wounds thoroughly and did the proper amount of removal of dead tissue, sutured the lacerations and inserted drains in the other ones, gave the girl tetanus antitoxin to prevent lockjaw, sent her home with her leg elevated and administered sulfanilamide.''

This testimony sustained the second finding attacked by defendants.

(c) Under the so-called Dog Bite Statute of 1931* the owner of any dog which bites a person who is lawfully in a public or private place is liable for any damage suffered by the injured party regardless of whether the owner of the dog has wrongfully or negligently permitted his dog to be at large without being properly guarded.

■ It is also settled that if a judgment is supported by findings which are unobjectionable, findings on immaterial issues which are unsupported by evidence do not constitute grounds for reversal of the judgment. (*Martinelli* v. *Luis,* 213 Cal. 183, 185 [1 P.2d 980]; *Shreve & Co.* v. *McGinnis,* 7 Cal.App.2d 243, 245 [45 P.2d 364]; *Crenshaw* v. *Roy C. Seeley Co.,* 129 Cal.App. 627, 633 [19 P.2d 50].)

In view of the foregoing rules it is unnecessary to consider

whether there is substantial evidence to sustain the third finding questioned by defendants.

■ Second: *The trial court erred in excluding testimony proffered by defendants which would have tended to show that defendants' dogs were not vicious.*

This proposition is also untenable.

Under the Dog Bite Statute of 1931*, *supra,* the (1) former viciousness of a dog causing injuries, or (2) owner's lack of knowledge of such viciousness, is immaterial. (See. statute cited in the footnote. See, also, *Delay* v. *Braun,* 63 Cal.App. 2d 8, 9 [146 P.2d 32].)

In view of the provisions in the statute the trial court's ruling was correct.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied July 17, 1944.

---

*The statute referred to reads thus:

"*Liability of owner of dog.* The owner of any dog which shall bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness. A person is lawfully upon the private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States of America, or when he is on such property upon the invitation, express or implied, of the owner thereof." (Stats. 1931, p. 1095; vol. 1, Deering's Gen. Laws, 1931, p. 174, Act 384a.)