91 N.J. Super. 519 (1966)
221 A.2d 555
CAROL GROSS, BY HER GUARDIAN AD LITEM, DOLORES GROSS, AND DOLORES GROSS, PLAINTIFFS-APPELLANTS,
v.
FRANK DUNHAM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1966.
Decided June 30, 1966.
*520 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Edmond J. Canzona argued the cause for appellants (Messrs. Parsons, Canzona, Blair and Warren, attorneys).
Mr. Hugh Porter argued the cause for respondent.
PER CURIAM.
This is an appeal from a judgment entered in favor of defendant following a jury verdict of no cause for action, and denial of plaintiffs' motion for a new trial. The action was brought to recover damages for personal injuries sustained by the infant plaintiff, Carol Gross, as a result of being attacked by defendant's dog. Her mother, Dolores Gross, sued per quod.
On May 4, 1963 the infant plaintiff was walking her dog on a public street in front of defendant's home, when the defendant's dog came running from the latter's premises and allegedly attacked her, knocked her to the ground, and then bit her leg. She claimed that, in addition to the bite, she suffered serious injuries to her back which subsequently resulted in an operation. Defendant denied his dog knocked the infant plaintiff down, or that she was bitten.
Plaintiffs contend the trial court erred in refusing their request to instruct the jury that under the provisions of the dog bite statute, N.J.S.A. 4:19-16, plaintiffs were not required *521 to prove defendant had knowledge of the vicious propensity of the dog, and that if the jury found the infant plaintiff had been bitten and assaulted by the dog then defendant would be liable for all injuries and damages she suffered as a result thereof.
The trial court charged the jury that under the dog bite statute plaintiffs were not required to prove scienter in order to recover damages for injuries caused by the dog bite, but that the statute did not apply to injuries the infant plaintiff sustained as a result of being knocked to the ground by the dog. The court charged that in order to recover damages for the latter, plaintiffs were required to prove scienter or negligence on the part of defendant.
N.J.S.A. 4:19-16 provides:
"The owner of any dog which shall bite a person while such person is on or in a public place, * * * shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."
Plaintiffs allege that the statute is remedial in nature and should be accorded a liberal interpretation. They contend that a proper construction thereof grants the infant plaintiff the right to recover for her back injuries, without proof of scienter. They claim the court erred by restricting recovery, without proof of scienter, to the wound resulting from the dog's bite.
Defendant argues that the statute, being in derogation of the common law, should be strictly construed and that the court properly refused to charge the request to charge submitted by plaintiffs.
We have no case in this State which deals with this precise question. However, similar statutes have been given a liberal construction in other jurisdictions. California has such a statute. In Hicks v. Sullivan, 122 Cal. App. 635, 10 P.2d 516, 518 (D. Ct. App. 1932), where it was argued that liability of the dog owner was incurred only when the complainant was actually bitten, the court said:
*522 "This statute does not purport to limit the recovery of damages actually suffered as the result of an attack by a savage dog, to the physical wound from biting."
In Rossi v. Del Duca, 344 Mass. 66, 181 N.E.2d 591 (Sup. Jud. Ct. 1962), the dog bite statute provided for recovery for "damage to either the body or property of any person." Defendant argued that such language must mean damage which is the direct result of injury to the person and could not include consequential damage sustained by the victim's father. The court disagreed, holding that the object of the statute was to protect from injury by dogs, and that such strict interpretation would fall short of giving complete redress for injuries by dogs.
We do not believe that N.J.S.A. 4:19-16 should receive the limited construction placed on it by the trial court and urged on appeal by defendant. The statute has been described as "distressingly ambiguous on its face." Foy v. Dayko, 82 N.J. Super. 8, 13 (App. Div. 1964). We consider it to be remedial legislation entitled to a liberal interpretation.
Moreover, the "plain meaning" of the statute compels the conclusion that it is not limited to recovery for injuries resulting from the bite alone. It imposes liability for such damages as may be suffered by the person bitten. For example, if a person is bitten by a vicious dog and during the same incident receives an eye laceration caused by the dog's paw, we consider the damage for the eye injury to be "damages * * * suffered by the person bitten," as contemplated by the statute.
We conclude that a person who is bitten by a dog and suffers other injuries during the attack is entitled to recover from the dog owner for all of the injuries sustained. The statute is entitled to a reasonable construction.
The refusal of the trial court to charge the jury as requested by plaintiff was error. We find it unnecessary to pass upon the other grounds urged for reversal.
The judgment is reversed and the case will be remanded for a new trial.