121 N.J. Super. 272 (1972)
296 A.2d 567
IN THE MATTER OF ZEPHYR HAYES, PLAINTIFF,
v.
BENEDETTO MONGIOVI, TRADING AS MOM BUTCHER SHOP AND/OR VICTORY MORTGAGE CORP., DEFENDANT.
Superior Court of New Jersey, District Court, Essex County.
Argued October 2, 1972.
Decided November 1, 1972.
Mr. David Gelband, of Messrs. Freeman & Bass, argued the cause for Plaintiff.
Miss Anne W. Elwell, of Messrs. Ball, Broege, Elwell, Fogel & Livingston, argued the cause for Defendant.
YANOFF, J.C.C. t/a P.J.D.C.
The simple issue to be decided in this case is whether N.J.S.A. 4:19-16 provides relief to a person who is injured, but not bitten, by a dog.
*273 The statute reads in part:
Liability of owner regardless of viciousness of dog:
The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or in the owner's knowledge of such viciousness.
The facts here are clear. Plaintiff was standing on a sidewalk. The dog was on a leash on the opposite side of the street, broke loose, came across the roadway and knocked plaintiff down, injuring her. The evidence convinces me that plaintiff has not sustained the burden of proving that the dog had exhibited vicious propensities prior to this incident.
Three recent decisions interpret the statute. In Foy v. Dayko, 82 N.J. Super. 8 (App. Div. 1964), the court held contributory negligence a defense to an action under the statute. Speaking for the court, Judge Conford said (at 12), "Statutes in derogation of the common law are ordinarily strictly construed." He continued:
We deem it implicit in the statute, having regard to the limited motivation for its adoption, that the Legislature intended the salutary and just result of precluding recovery by one whose own negligence proximately resulted in his injury. [at 14]
It seems to me reasonable to infer that by this language Judge Conford meant that the statute, since it extends the liability of dog owners, should not be construed to extend it so far as to create liability to one contributorily negligent in the absence of express language to that effect.
In Gross v. Dunham, 91 N.J. Super. 519 (App. Div. 1966), the question was whether a dog owner was responsible under the statute to a person who had been bitten, for all injuries sustained during the occurrence, including injuries *274 resulting from being knocked down. An Appellate Division part, which did not include Judge Conford, held that he was. The court said, per curiam:
We do not believe that N.J.S.A. 4:19-16 should receive the limited construction placed on it by the trial court and urged on appeal by defendant. The statute has been described as "distressingly ambiguous on its face." Foy v. Dayko, 82 N.J. Super. 8, 13 (App. Div. 1964). We consider it to be remedial legislation entitled to a liberal interpretation.
Moreover, the "plain meaning" of the statute compels the conclusion that it is not limited to recovery for injuries resulting from the bite alone. It imposes liability for such damages as may be suffered by the person bitten. For example, if a person is bitten by a vicious dog and during the same incident receives an eye laceration caused by the dog's paw, we consider the damage for the eye injury to be "damages * * * suffered by the person bitten," as contemplated by the statute.
Most recently, in Tanga v. Tanga, 94 N.J. Super. 5 (App. Div. 1967), it was held, opinion by Judge Conford, that the liability created by the statute was that of an insurer.
It is now argued that plaintiff should recover even though not bitten and that the statute should be given a broad construction because of the language used in Gross v. Dunham, supra. The case of Hicks v. Sullivan, 122 Cal. App. 635, 10 P.2d 516 (D. Ct. App. 1932), is cited in support. The pertinent California statute is similar to ours, providing that "The owner of any dog which bites any person * * * shall be liable for such damages as may be suffered by the person bitten * * *." Deering's General Laws, Act 384a, Stats. 1931, p. 1095. But it was clear there that the dog was known to be vicious. He was muzzled on police order because it had bitten before. The court said:
Any substantial damage to person * * * which is the proximate result of the attack of a dog with known vicious habits, * * * may create liability on the part of the owner * * *." [122 Cal. App. at 638, 639, 10 P.2d at 517]
The result rested on the common law, not the statute. Clearly, the enactment of the statute extended the liability *275 of the dog owner, but did not eliminate the common law cause of action where scienter is proved.
Where legislatures have wanted to extend the liability of dog owners to nondog bite situations, they have found the language to do so. Massachusetts G.L. [Ter. ed.] c. 140 § 155, see Leone v. Falco, 292 Mass. 299, 198 N.E. 273 (Sup. Jud. Ct. 1935); Florida F.S.A. § 767.01, see Knapp v. Ball, 175 So. 2d 808 (Fla. D. Ct. 1965); Connecticut Genl. Stat. 1949, § 3404, see Verrilli v. Damilowski, 140 Conn. 358, 100 A.2d 462 (Sup. Ct. Cr. 1953); Illinois Rev. Stat. 1959, c. 8, par. 12d, see Beckert v. Risberg, 33 Ill.2d 44, 210 N.E. 2d 207 (Sup. Ct. 1965); Minnesota, Stat Ann. § 347.22, see Lavalle v. Kaupp, 240 Minn. 360, 61 N.W.2d 228 (Sup. Ct. 1953); District of Columbia, Act. June 19, 1878, §§ 1, 2, 4, 5, 20 Stat. 173), see Karlow v. Fitzgerald, 110 U.S. App. D.C. 9, 288 F.2d 411 (D.C. Cir.1961).
I see nothing inconsistent in giving the statute a broad construction as to damages afforded a person who has been bitten and who thus comes within the explicit provisions of the statute, as in Gross v. Dunham, and in restricting the protected class to those explicitly designated by the statute, namely, persons who have been bitten. It seems to me that Foy v. Dayko, supra, by excluding contributorily negligent persons tends that way. If the Legislature had wanted to eliminate the scienter rule in all cases where a dog injures a person, it could easily have said so. It is not for a court to extend liability by rewriting legislation.
There will be a judgment for defendant.