[No. B115029. Second Dist., Div. Four. Dec. 1, 1998.]

BRADLEY JOHNSON, Plaintiff and Appellant, v.
ROBERT McMAHAN et al., Defendants and Respondents.

COUNSEL

White & Demaret, Merlin L. Reed, Jr., Nadasi, Kwasigroch & Associates and Michael D. Kwasigroch for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, Holly R. Paul, Dennison, Bennett & Press and James H. Goudge for Defendants and Respondents.

OPINION

**EPSTEIN, Acting P. J.**—The sole issue in this case is whether the California dog bite statute, Civil Code section 3342, applies when the bitee does not suffer a wound. It does. The trial court ruled otherwise, granting defendants' motion for summary adjudication. Plaintiff was unsuccessful in his other causes of action, and suffered an adverse judgment from which he appeals. Beyond this statement, we eschew word play opportunities offered by the factual context of the case. (See *Phillips* v. *San Luis Obispo County Dept. etc. Regulation* (1986) 183 Cal.App.3d 372, 374 [228 Cal.Rptr. 101]; *Edwards* v. *Superior Court* (1991) 230 Cal.App.3d 173 175, fn. 3 [281 Cal.Rptr. 30].)

## Factual and Procedural Summary

Plaintiff Bradley Johnson volunteered to repair a swamp cooler on the roof of the residence occupied by Robert and Jacqueline McMahan, the defendants. Plaintiff was on a ladder when Timber, defendants' five-month-old German Shepherd dog, jumped at him. Timber's jaws closed on plaintiff's trousers. Plaintiff presented evidence that his leg was between the parts of his pants impacted by the dog's jaws. He admitted that the skin was not broken. As a result of the dog's action, plaintiff fell from the ladder and was injured. He sued the defendants on several causes of action, including premises liability, general negligence, intentional infliction of emotional distress, and strict liability under Civil Code section 3342. Defendants moved for full summary judgment or, in the alternative, for summary adjudication as to each of plaintiff's four causes of action. Plaintiff withdrew the intentional tort. The trial court granted summary adjudication on the dog bite statute, and denied it on the other causes of action. Plaintiff sought our intervention by writ. We issued an alternative writ in response to his petition, but dismissed it because the petition was late, a jurisdictional defect. The lawsuit went to trial on the remaining causes of action, leading to a defense verdict. Plaintiff has appealed from the ensuing judgment. He does not challenge the adverse verdicts on the causes of action decided by the jury, but he argues that his section 3342 theory should not have been dismissed.

## Discussion

Over 60 years ago, a California statute reversed the common law rule that a dog owner is not liable for injury caused by his or her dog without notice of the dog's propensity to cause injury. (See *Hensley* v. *McBride* (1931) 112 Cal.App. 50, 51 [296 P. 316].) The original legislation is Statutes 1931, chapter 503, page 1095, reported as Act 384a in Deering's General Laws. (See *Menches* v. *Inglewood Humane Soc.* (1942) 51 Cal.App.2d 415, 417 [124 P.2d 870]; *Goldberg* v. *Rabuchin* (1944) 65 Cal.App.2d 111, 114, fn. * [1931 statute entirely set out] [149 P.2d 861].) In 1953 the law was codified into Civil Code section 3342. (*Ellsworth* v. *Elite Dry Cleaners, etc., Inc.* (1954) 127 Cal.App.2d 479, 483, fn. * [274 P.2d 17].) Subdivision (a) of the present statute sets out the rule of strict liability: "The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness."

The defenses of assumption of the risk and contributory negligence may still be asserted (see 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1225, p. 659), and the common law rule still obtains when a dog causes injury by some means other than biting. (*Id.* at p. 660 and cases cited.) The statute also recognizes some exceptions to its otherwise absolute rule. None is at issue here. Since the case reaches us on summary adjudication we must credit plaintiff's claim that the dog grabbed his leg through the trousers plaintiff was wearing. Defendants concede: "[B]ecause our position is that Civil Code section 3342 requires a bite wound, it matters not whether [plaintiff] fell because Timber's teeth were around his ankle or merely caught in the hem of his jeans."

■ Assuming that plaintiff's leg was between Timber's jaws, separated only by the jeans plaintiff was wearing, was there a "bite" even though the skin was not broken or wound inflicted? The commonsense answer is "yes." The word "bite" (as opposed, for example, to the phrase "bit off") does not require a puncture or tearing away. We turn to a particularly reliable source: an authoritative dictionary. In Webster's Third New International Dictionary (1993) page 222, we find the term defined at length. The first meaning is "to seize with the teeth so that they enter, grip, or wound." The next variant is "to remove a part of something with the teeth," and the next: "to seize, pinch, or sever with the jaws." While piercing the skin may be a common result of a dog bite, there is nothing in the language, plainly read or in its lexicographical meaning, that requires that the skin be broken or a wound inflicted.

The trial court relied on *Delfino* v. *Sloan* (1993) 20 Cal.App.4th 1429, 1437 [25 Cal.Rptr.2d 265], in ruling that Civil Code section 3342 did not apply. But the case does not apply. In *Delfino* plaintiff was injured when a dog attacked the wheel of a bicycle plaintiff was riding. The court upheld liability based on violation of a leash ordinance, and made only passing reference to Civil Code section 3342, pointing out that the dog owners' argument that willfulness is required was undermined by that statute.

In plain terms, if the dog's jaws clamped upon a portion of plaintiff's trousers so that a part of plaintiff's leg was between the jaws, albeit separated from tooth by the cloth, a bite occurred. That is all the statute requires. Arguably, the statute applies even if the dog did no more than seize the jeans within its jaws and pull, causing plaintiff to fall and suffer injury. The trial court erred in ruling that a wound was needed.

## DISPOSITION

The judgment is reversed and the case remanded for further proceedings on the basis of the Civil Code section 3342 claim. Appellant to have his costs on appeal.

Hastings, J., and Curry, J., concurred.