980 A.2d 498 (2009)
410 N.J. Super. 175
Sandra DeVIVO and John DeVivo, her husband, Plaintiffs,
v.
Britney ANDERSON and Suzanne Anderson, Defendants.
Docket No. L-5169-08
Superior Court of New Jersey, Law Division, Bergen County.
Decided April 22, 2009.
Jeffrey S. Goldstein, Morristown, for plaintiffs (Schenck, Price, Smith & King, LLP, attorneys).
Janet L. Pisansky, Morristown, for defendants (Burke & Potenza, attorneys).
TOSKOS, J.S.C.
Plaintiffs Sandra DeVivo and John DeVivo ("DeVivos") bring this motion before the court seeking summary judgment as to liability against defendants Britney Anderson and Suzanne Anderson ("Andersons"). Plaintiffs allege that the Andersons are strictly liable pursuant to N.J.S.A. 4:19-16, the so called "dog bite" statute, for Sandra DeVivo's injuries. Sandra contends that Suzanne Anderson's German Shepherd dog, Magic, bit her on *499 the forearm as she was walking past the front of defendants' residence. At the time Magic was unleashed. Britney, Suzanne's daughter, was holding on to Magic by his collar. Also before the court is defendants' cross-motion for summary judgment. Defendants contend that Sandra cannot meet the statutory requirements of N.J.S.A. 4:19-16 since "there was no broken skin or evidence of any type of bite caused . . ." by Magic. Defendants' notice of motion also seeks summary judgment with respect to plaintiffs' common law negligence cause of action.
Rule 4:46-2 authorizes summary judgment upon a showing that "there is no genuine issue as to any material fact." See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529, 666 A.2d 146 (1995). Rule 4:46-2:
is designed to provide a prompt, businesslike and inexpensive method of disposing of any cause which a discriminating search of the merits in the pleadings, depositions, and admissions on file, together with affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at trial.

Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74, 110 A.2d 24 (1954). In determining whether a genuine issue of material fact exists, the New Jersey Supreme Court has expounded the following test: "[T]he motion judge [must] consider whether the competent evidential materials presented, when viewed in a light most favorable to the non-moving party . . . are sufficient to permit a rational fact-finder to resolve the alleged disputed issue in favor of the nonmoving party." Brill, supra, 142 N.J. at 523, 666 A.2d 146.
Contrary to common law requirements, N.J.S.A. 4:19-16 imposes strict liability upon an owner whose dog bites another, without proof of the owner's knowledge of the dog's vicious propensities. The "dog bite" statute states:
The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.
Thus, "[t]he three elements plaintiff must prove under N.J.S.A. 4:19-16 are that: (1) defendant is the owner of the dog; (2) the dog bit plaintiff; and (3) the bite occurred while the plaintiff was either in a public place or lawfully in a private place." Trisuzzi v. Tabatchnik, 285 N.J.Super. 15, 23, 666 A.2d 543 (App.Div.1995).
In the instant matter, there is no dispute as to the first and third elements. Defendant, Suzanne Anderson, admits that she is Magic's owner and that plaintiff, Sandra DeVivo, was in a public place when the incident occurred. With respect to the second element, the parties dispute whether a "dog bite" occurred sufficient to meet the requirements of N.J.S.A. 4:19-16. Defendants argue that no bite occurred because, based on the hospital reports, there was no broken skin or any evidence of any type of a bite. Defendants point to the assessment/treatment notes in Sandra's hospital records which state "right arm swelling noted. Skin intact. No broken/open areas noted." Defendants further contend that there is no evidence as to the cause of the bruising on Sandra's arm and deny that the photographs of Sandra's injuries depict bruising on her right arm resulting from Magic's teeth. Defendants conceded at oral argument that there may be circumstances in which a "bite" may occur despite the fact that no tearing of the skin occurred. However, *500 under these circumstances, defendants argue Sandra was not bitten by Magic.
Plaintiff contends that the uncontested evidence clearly shows a dog bite occurred. The deposition testimony shows that Magic grabbed on to plaintiffs right arm and pulled on it as if plaintiff was the "dog's chew toy." Sandra was wearing a winter coat and two sweaters. The coat had teeth marks on it. Plaintiff testified that the dog bit down on plaintiffs forearm with tremendous force, as documented in the investigating police officer's report. In addition, plaintiffs son, Evan DeVivo, witnessed the incident and testified at deposition that he heard defendant say to his mother "I'm really sorry for the dog biting you." Finally, defendants' own expert witness, John Ambrose, M.D., following his examination of Sandra's injuries and her medical records opined:
her right shoulder was wrenched violently by the pull of a fully grown, aggressive German Shepherd resulting in twisting and traction injuries to the internal shoulder joint structures. It is my impression that the superior labral tear and paralabral cyst are the result of the pull of the dog bite on her right upper extremity and that she is left with some permanent discomfort owing to the irreversible effects of that injury. The subacromial decompression can be easily construed as necessitated by swelling and injury to the rotator cuff and its adjacent bursal structures resulting from the specific injury in questions, namely the dog bite that took place in February 2008.
Initially, the court notes that the dog bite statute is remedial legislation entitled to a liberal interpretation. Gross v. Dunham, 91 N.J.Super. 519, 522, 221 A.2d 555 (App.Div.1966); Tanga v. Tanga, 94 N.J.Super. 5, 8, 226 A.2d 723 (App.Div. 1967). The Legislature's intent in adopting the dog bite statute contemplated that all dogs, even though ordinarily harmless, have a potential for biting, and that an owner should, as the social price of keeping a dog, compensate those innocently sustaining an injury in that fashion. Tanga, supra, 94 N.J.Super. at 14, 226 A.2d 723.
Whether the skin must be broken to constitute a dog bite sufficient to impose strict liability upon a dog owner under N.J.S.A. 4:19-16 is an issue of first impression in New Jersey. "In interpreting a legislative enactment, the starting point is the language of the statute itself. If the language is clear, the sole function of the courts is to enforce it according to its terms." Velazquez v. Jiminez, 172 N.J. 240, 256, 798 A.2d 51 (2002) (quoting Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 392, 774 A.2d 495 (2001) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442, 452 (1917))). "All terms in a statute should be accorded their normal sense and significance." Id. at 256, 798 A.2d 51 (quoting Stryker Corp. v. Dir., Div. of Taxation, 168 N.J. 138, 156, 773 A.2d 674 (2001)). Because this is an issue of first impression in New Jersey, the court looks to the law in other jurisdictions with similar legislation.
The Court is guided by Johnson v. McMahan, 68 Cal.App. 4th 173, 80 Cal. Rptr.2d 173 (1998), a factually similar case where the Court of Appeal of California interpreted California's dog bite statute. The trial court granted summary judgment in favor of the defendant dismissing plaintiff's claim based on the California dog bite statute, and plaintiff appealed. In Johnson, the plaintiff dog bite victim filed a lawsuit against the defendant dog owners as a result of an incident in which the plaintiff fell off a ladder and suffered injuries when he was bitten but not wounded *501 by the defendants' dog. Id. at 175, 80 Cal.Rptr.2d 173. The Johnson court stated that:
The word "bite" (as opposed, for example, to the phrase "bit off) does not require a puncture or tearing away. We turn to a particularly reliable source: an authoritative dictionary. In Webster's Third New International Dictionary (1993) page 222, we find the term defined at length. The first meaning is "to seize with the teeth so that they enter, grip, or wound." The next variant is "to remove a part of something with the teeth," AND THE NEXT: "to seize, pinch, or sever with the jaws." While piercing the skin may be a common result of a dog bite, there is nothing in the language, plainly read or in its lexicographical meaning, that requires that the skin be broken or a wound inflicted.
[Id. at 175-76, 80 Cal.Rptr.2d 173.]
Based on this analysis, the Court of Appeal of California reversed the trial court's dismissal holding that "if the dog's jaws clamped upon a portion of plaintiff's trousers so that a part of plaintiff's leg was between the jaws, albeit separated from tooth by cloth, a bite occurred." Id. at 176, 80 Cal.Rptr.2d 173.
In the instant matter, the court finds persuasive the reasoning enunciated in Johnson because California's dog bite statute contains essentially the same language as N.J.S.A. 4:19-16. In construing our statute, the court looks first to the legislative enactment where there is no explicit requirement that the injury results in broken skin. Next, an examination of the evidence shows that plaintiff suffered injury to her arm after defendants' dog placed its jaws on plaintiffs forearm and compressed down on plaintiffs jacket. The police report states that plaintiff "had swelling to her right forearm, but the dog's teeth did not puncture her skin [through] her winter coat." Although no puncturing of the skin occurred, the hospital report shows that plaintiff suffered bruising, swelling, and other marks as a result of this compression. These injuries were confirmed by defendants' examining doctor.
In determining whether there is a genuine issue of material fact, the trial court must ascertain "what reasonable conclusions a rational jury can draw from the evidence." Brill, supra, 142 N.J. at 535, 666 A.2d 146. The "essence of the inquiry" is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 536, 666 A.2d 146. The court must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at 540, 666 A.2d 146.
Here, it is clear that the only reasonable conclusion a rational jury can draw from the evidence is that a dog bite occurred sufficient to meet the second element of N.J.S.A. 4:19-16. Accordingly, this court holds that plaintiffs have satisfied the second element of the dog bite statute. Therefore, because all of the elements have been met, the court finds defendants strictly liable for the injuries suffered by Sandra DeVivo arising from the dog bite. As such, there is no question of fact which would preclude summary judgment in favor of plaintiffs and the motion is granted. Conversely, defendants' motion for summary judgment is denied.