## ELLA DE GRAY v. DONALD MURRAY.

Argued February 18, 1903—Decided June 8, 1903.

A man may keep a vicious dog for the protection of his home and property; but, if he does so, he is bound to exercise a degree of care, commensurate with the danger to others which will follow the dog's escape from his control, to so secure it that it will not injure anyone who does not unlawfully provoke or intermeddle with it; if such care is used, and the dog nevertheless escapes and inflicts injury, the owner will not be liable.

---

On writ of error to Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff in error, *Charles W. Parker.*

For the defendant in error, *Cowles & Carey.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This was an action to recover for injuries resulting to the plaintiff in error (the plaintiff below) from the bite of a dog, owned by the defendant in error, which attacked her while she was walking on the public street.   At the close of the testimony the trial judge directed a verdict for the defendant, and the plaintiff seeks to review the judgment entered upon that verdict.

It is the settled law that the owner of a dog will not be held responsible for injuries resulting to another person from its bite unless it be shown that the dog had previously bitten someone else, or was vicious, to the knowledge of the owner. *Smith* v. *Donohue,* 20 *Vroom* 548, and cases cited.

In the present case, although the dog had been kept on the defendant's premises for several years, and must have been well known in the neighborhood, the only evidence tending to show viciousness on its part prior to the time when the plaintiff was bitten by it, was that, on two or three occasions, it had "flown at" a policeman, whose duty required him to daily pass by the premises of the defendant, and that, on another occasion, it had "sprung at" a boy who was passing by along the street, and made two little holes or spots upon his leg.   It is admitted that the policeman was never bitten, and it is left in uncertainty whether the marks on the boy's leg were made by the teeth of the dog or by its claws. Assuming that this evidence, meagre as it is, was sufficient to make the character of the dog a jury question, it was necessary, as has already been stated, in order to fix upon the defendant liability for the plaintiff's injury, to show that he had knowledge of his dog's vicious propensity.   But the case utterly fails in this regard.   So far as the occurrence in which the boy figured is concerned, the defendant heard from his wife that she had been told by the boy's mother that the dog had jumped upon her son, but had merely scratched his leg. The experience of the policeman he never heard of at all.

But even if the evidence submitted would support the conclusion that the dog had a propensity to bite, and that what the defendant heard about its attack on the boy charged him

with knowledge of that propensity, the direction of a verdict in his favor was not erroneous. In England, and in some of our sister states, it is held that the owner of an animal which has a propensity to attack and bite mankind, who keeps it with the knowledge that it has such a propensity, does so at his peril, and that his liability for injuries inflicted by it is absolute. A leading case is that of *May* v. *Burdett,* 9 *Q. B.* (*N. S.*) 112, in which it is stated that "the conclusion to be drawn from all the authorities appears to be this: that a person keeping a mischievous animal, with knowledge of its propensity, is bound to keep it secure at his peril, and that if it does mischief, negligence is presumed without express averment. The negligence is in keeping such an animal after notice." Subsequently, the Court of Exchequer Chamber, adopting as accurate the principle underlying the decision of May v. Burdett, and referring to the opinion in that case, among others, as an authority for its conclusion, declared, in the case of *Fletcher* v. *Rylands, L. R.,* 1 *Exch.* 265, that "one who, for his own purposes, brings upon his land, and keeps there, anything likely to do mischief if it escapes, is *prima facie* answerable for all the damage which is the natural consequence of its escape." The application of this principle led the court to fix liability upon the owner of land, who had stored water in a reservoir built thereon, for injury done to adjoining property by water escaping from the reservoir, notwithstanding that such escape was not due to any negligence on the part of the owner. Ten years after the decision of Fletcher v. Rylands, the rule laid down in that case was applied in this state, at circuit, in the case of *Marshall* v. *Welwood,* 9 *Vroom* 339, and the owner of a steam boiler, which blew up and wrecked adjacent property, was held liable for the damage done, notwithstanding the fact that the bursting of the boiler was not due to any negligence on his part. The case was subsequently reviewed here, on rule to show cause, and this court, in a masterly opinion by the late Chief Justice Beasley, expressly disapproved of the doctrine laid down in Fletcher v. Rylands (which, as I have already stated, is rested, among other decisions, on May v. Burdett), and declared that

no man is, in law, an insurer that the acts which he does, such acts being lawful and done with care, shall not injuriously affect others; and that an injury which results from a lawful act, done in a lawful manner, and without negligence on the part of the person doing the act, will not support an action. Applying that principle to the case in hand, this court then held that the owner of a steam boiler, which he has in use on his own property, is not responsible, in the absence of negligence, for the damages done by its bursting. The principle laid down in Marshall *v.* Welwood was reiterated by this court in the case of *Hill* v. *Ulshowski,* 32 *Id.* 375.

The right of a man to keep a vicious dog for the protection of his home and property is conceded in the case of *Roehers* v. *Remhoff,* 26 *Vroom* 475. He is, of course, bound to exercise a degree of care, commensurate with the danger to others which will follow the dog's escape from his control, to so secure it that it will not injure anyone who does not unlawfully provoke or intermeddle with it. *Worthen* v. *Love,* 60 *Vt.* 285. But if the owner does use such care, and the dog nevertheless escapes and inflicts injury, he is not liable.

In the case now under consideration the undisputed evidence makes it clear that the defendant fully discharged the duty of using due care to prevent the escape of his dog from his premises, and that the plaintiff's injury was not due to any neglect in that regard upon his part. She was bitten in the early morning, between half-past six and seven o'clock. On the preceding evening the defendant shut the dog in his carpenter shop (which adjoined his dwelling) and locked him in. During the night the dog gnawed away the woodwork from around the lock of the door to such an extent that the lock became detached, thus permitting the door to open and the dog to escape. That a reasonably prudent man would not have anticipated any such occurrence must be admitted. The judgment under review should be affirmed.