HERBERT GLADSTONE, APPELLEE, v. AUGUST BRINK-
HURST, APPELLANT.

Submitted July 8, 1903—Decided November 9, 1903.

The possessor of a dog is liable for an injury committed by the dog
if he had notice of his mischievous propensities.

On appeal from the District Court of Hoboken.

*41 Vroom.*    Gladstone v. Brinkhurst.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *Alexander Simpson.*

The opinion of the court was delivered by

GARRETSON, J.   By the judgment of the court below the plaintiff obtained a judgment against the defendant for personal injuries and the defendant appeals.

The facts certified to by the judge, as found by him, are as follows:   Herbert Gladstone, the plaintiff, about seven years of age, resided with his mother, in Guttenberg, Hudson county, on premises adjoining the premises on which the defendant then resided; said plaintiff was sitting on top of the fence dividing the properties and talking with two children of the defendant, who were on defendant's premises and who were of about plaintiff's age, and with whom plaintiff was friendly.   That while plaintiff was so engaged a large dog of the St. Bernard breed, kept by the defendant on his premises, rushed suddenly at the plaintiff and bit him.   The defendant had been keeping the dog on his premises for over five months; that the dog was owned by one Stadler, who brought the dog over to the defendant because the dog had bitten somebody; that the defendant was then aware of such reputed cause; that the defendant knew before the injury to the plaintiff that the dog did not like children and that he had turned on one of the defendant's own children; that the defendant was not able to keep the dog chained because he was too strong, and he resented and would break loose when tied by the defendant.

This agreed state of facts shows conclusively that the defendant had in his possession and control a dog of whose mischievous propensities he had notice.   He is liable for the injury committed by the dog to the plaintiff.   *Perkins* v. *Mossman,* 15 *Vroom* 579.

The judgment below is affirmed, with costs.