ELLA EMMONS AND JOHN G. EMMONS, PLAINTIFFS IN
    ERROR, v. ALBERT STEVANE AND IDA F. STEVANE,
    DEFENDANTS IN ERROR.

Argued March 5, 1908—Decided June 28, 1909.

1. In an action for injuries committed by a dog it is not necessary
   that the same injury should have actually been committed by
   the animal to the knowledge of its owner, but knowledge by the
   owner that the disposition of the animal is such that it is likely to
   commit a similar injury to that complained of, is sufficient to
   maintain the action.
2. *Scienter* need not be precisely similar, but that it is substantially
   so will suffice.
3. The right of action against the owner of a vicious dog arises from
   the knowledge by the owner of its vicious propensities, and such
   propensities having been established there remains no presumption
   in law that the animal may not display them towards its keeper
   as well as against a stranger.
4. The owner of an animal having vicious propensities which are
   directly dangerous, is bound to disclose them, if known to him, to
   a bailee.
5. A representation made to the bailee by the bailor of a vicious
   animal that such animal is of gentle disposition when the bailor
   knows to the contrary, will render such bailor liable in an action
   against him by the bailee for injuries inflicted upon the latter by
   such animal, at least in the absence of proof that the bailee was
   chargeable with knowledge of its true disposition.

———

On error to the Supreme Court.

For the plaintiffs in error, *Samuel A. Patterson* and *Edmund Wilson.*

For the defendants in error, *McDermott & Enright, Gilbert Collins* and *Otto Horwitz* (of the New York bar).

The opinion of the court was delivered by

VOORHEES, J. This action is brought by Ella Emmons and
John G. Emmons, her husband, against Albert Stevane and
Ida F. Stevane, his wife.

Mrs. Emmons, one of the plaintiffs, on the 23d of January, 1903, was severely bitten by the defendant's dog, Nero. The circumstances were these: She went to the door of her house and found the dog lying on the porch. She spoke to him and placed her hand on his head, when, without warning, the dog yelped, jumped at her and bit her severely about the throat.

Mr. Stevane and his wife in September preceding had gone to board at the home of Mrs. Emmons in Asbury Park. Two Irish setter dogs, Nero and Rex, were brought with them, Mrs. Emmons being paid $5 per month board for each dog. The Stevanes boarded with the Emmons family until December following, when, upon leaving to go south upon a trip, they arranged that the dogs should remain in the care of Mrs. Emmons, and agreed to continue to pay $5 per month for each dog so long as they remained.

The trial judge directed the jury to find a verdict for the defendants. That direction is brought under review by this writ of error.

The declaration alleges ownership of the dog in both defendants. The first two counts are framed on allegations that the dog was known to the defendants to be vicious and to have attacked and bitten mankind; the third count alleges that the defendants requested the plaintiffs to accept the dog to board, representing that he was of a gentle disposition, and that Mrs. Emmons, believing such to be the case, agreed to board him, while in truth the defendants well knew the dog to be savage and vicious.

As to Mrs. Stevane's responsibility we are satisfied with the disposition made by the Supreme Court of that aspect of the case under the facts as then presented, wherein it was held that there was no liability on the part of Mrs. Stevane. *Emmons* v. *Stevane,* 44 *Vroom* 349.

On the trial evidence was given that the dog had jumped for, growled and showed his teeth in several instances to strangers. There was also evidence tending to show that some of these instances had come to the knowledge of Mr. Stevane.

One witness testified as follows: "We was speaking about the dog and I told him (Stevane) about the dog jumping for me, and he said he was a vicious dog and he knew it, and he didn't like him, and if it wasn't for his wife he wouldn't keep the dog."

The defendants offered evidence that the dog was gentle and affectionate with his friends, a pet of everybody, and was playful with children.

At common law the keeper of animals of the class *ferae naturae* was presumed to have knowledge of their vicious propensities and was liable as an insurer. *May v. Burdett,* 9 *Ad. & E.* (*N. S.*) 101; *Smith v. Pelah,* 2 *Str.* 1264; *Hale P. C.* 430, *part* 1, *ch.* 33. But in the case of animals which had been domesticated a presumption arose that they were not of a vicious nature, and hence their keeper was liable only in case the animal was vicious and he had knowledge of its vicious propensities. The action against the harborer did not proceed upon negligence, but if he had knowledge of the vicious nature of the animal he was liable as an insurer, the gravamen of the injury being the wrong of keeping the animal with the knowledge of its viciousness, and hence it was essential that the master's knowledge should be averred and proved. *May v. Burdett, supra; Thomp. Com. Negl.,* §§ 839-844; *Woolf v. Chalker,* 31 *Conn.* 121; *Smith v. Donohue,* 20 *Vroom* 548.

And of like import are the decisions in this state (*Gladstone v. Brinkhurst,* 41 *Vroom* 130), except, perhaps, as modified by what was said in *DeGray v. Murray,* 40 *Id.* 458, but which it is here unnecessary to consider, as the direct point decided in that case is not raised in the case *sub judice.*

The dog is classed among the domestic animals. This presumption, however, which arises in their favor is rebuttable. It is not necessary that the same injury should have actually been committed by the animal to the knowledge of its owner, but knowledge by the owner that the disposition of the animal is such that it is likely to commit a similar injury to that complained of, is sufficient to maintain the action. *Curtis v. Mills,* 5 *Car. & P.* 489; *Thomp. Com. Negl.,* § 872.

*Scienter* need not be precisely similar, but that it is substantially so will suffice. *Shearm. & R. Negl.,* § 631; *Johnson* v. *Eckberg,* 94 *Ill. App.* 634.

Where, therefore, the proof to establish viciousness and *scienter* consists of instances tending, more or less, clearly to indicate such a disposition and such knowledge, a jury question at once arises whether under the adduced proof the animal has displayed vicious propensities to the knowledge of the owner sufficient to rebut the presumption raised by the law in favor of domestic animals, and sufficient to charge the owner with *scienter.* *Johnson* v. *Eckberg, supra; Duval* v. *Barnaby,* 75 *N. Y. App.* 154.

We think that the proof in this case was sufficient to raise such a question, and that the case on that point should have been submitted to the jury.

It is urged by the defendants, however, that from the fact that a dog has shown an unkindly or even vicious disposition toward a stranger, it will not be inferred that the animal will manifest these vicious propensities toward his owner or his keeper.

It is sufficient to say that an examination of the cases fails to disclose any such distinction. The vicious propensities having been established there remains no presumption in law that the animal may not display them towards its keeper as well as against a stranger.

The third count of the declaration is grounded upon alleged misrepresentations made by Mr. Stevane to Mrs. Emmons as to the gentleness of the dog at the time when the agreement for boarding the animal was made. Without passing upon the question whether the general principles applicable to domestic animals as above set forth are modified where the relations between the parties arise out of a contract of bailment, it is sufficient to say that the cases clearly hold that the owner of an animal having vicious habits which are directly dangerous, is bound to disclose them (if known to him) to a bailee. Such is the case when a person leaves his horse with a blacksmith to be shod. *Campbell* v. *Page,* 67 *Barb.* 113;

*McGarry* v. *New York Central Railroad Co.,* 18 *N. Y. Supp.* 195; *affirmed,* 137 *N. Y.* 627, although it has been said that this rule does not apply to animals having habits which are not directly dangerous. *Keshan* v. *Gates,* 2 *N. Y. Supr. Ct.* 288 (Thompson & Cook). *A fortiori* will a representation made by the bailor to the bailee that the animal is of gentle disposition, when in fact the bailor knows to the contrary, render the latter liable at least in the absence of proof that the bailee was chargeable with knowledge of its true disposition.

Whether the evidence offered was sufficient to establish the fact that the dog possessed habits likely to result in injury, and whether when the owner made the alleged representations he had knowledge of the existence of such habits, were questions for the jury under proper instructions.

The trial judge having erred in directing a verdict in favor of the defendant Albert Stevane, it results that the joint judgment in favor of both defendants must be reversed, although the defendant Ida F. Stevane was properly entitled to a verdict and judgment in her favor. Let the judgment under review, therefore, be reversed, and judgment final be entered in favor of Mrs. Stevane against the plaintiff, with award of a *venire de novo* as against Albert Stevane.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL, J.J. 14.