EMIL EBERLING, BY RUDOLPH EBERLING, HIS NEXT FRIEND, RESPONDENT, v. MARIUS MUTILLOD, APPELLANT.

RUDOLPH EBERLING, RESPONDENT, v. MARIUS MUTILLOD, APPELLANT.

Argued March 21, 1917—Decided July 18, 1917.

1. The infant plaintiff, a boy sixteen years old, testified that he had been in the business of delivering newspapers on defendant's estate to him and his tenants, for about a year, and that on the day he was bitten by defendant's dog he was going across defendant's lawn on the regular route he had always taken, having entered through a gate which was open. *Held*, that even if he were a trespasser on defendant's premises he was entitled to recover damages for the injury resulting from the biting by the dog, under the facts in this case, if it were owned by the defendant (which was admitted), and if defendant knew that the dog had previously bitten other people, of which there was evidence, and unless the plaintiff was guilty of contributory negligence, aside from the mere fact of trespassing, and he was not, according to his own testimony.

2. The mere fact of trespassing upon the grounds of another is not, in and of itself, contributory negligence which will defeat an action to recover damages for injuries inflicted by a vicious animal belonging to defendant and allowed to be at large upon the premises.

3. The question whether a person entering upon the grounds of another without invitation or license, and then and there injured by an attack by a vicious animal of the owner allowed to be at large upon the premises, exercises the degree of care which reasonable and prudent persons would use under like circumstances, is a jury question.

On appeal from the Hudson County Circuit Court.

For the appellant, *Frederick K. Hopkins.*

For the respondent, *Harlan Besson.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. These cases arose out of injuries resulting to a boy from being bitten by a dog. They were tried together before a jury and were argued together here. In the first action the plaintiff, Emil Eberling, a minor, sued by his father as next friend, and in the other action the father sued for himself.

In March, 1915, the plaintiff, Emil Eberling, was employed in delivering newspapers afternoons. He was a boy sixteen years old.

Two verdicts were rendered, one for the boy of $400 and one for his father for $23.50, against the defendant, Marius Mutillod, in the Hudson County Circuit Court by a jury, and judgments were thereupon entered. The defendant has appealed to this court.

The plaintiff, Emil Eberling, was a newsboy living in the borough of Secaucus with his father, from whom he had not been emancipated. The defendant, Marius Mutillod, was a florist, owning an estate in the borough of Secaucus, Hudson county. He was the owner of a large St. Bernard dog, which he permitted to run at large on his property. It was established that his dog had attacked a man named Fred Montigel when the defendant, its owner, was present, some time before, and ruined a pair of trousers for which the defendant paid. There was also testimony that the dog had bitten another man, who had told the owner of it. It appeared from the testimony that it was the custom of the newsboy plaintiff to enter the gate in the northern part of Mr. Mutillod's property and cross the lawn to one of the houses situate on his estate. On March 13th, 1915, while delivering papers to Mr. Mutillod's tenants, the boy was attacked by the defendant's dog, which was roaming at large upon the latter's estate. The dog bit the boy several times in the hip. The bites were severe and he required the care of a doctor for some time.

The defendant's land was only partially enclosed by a fence in which there were large gates, which were open most of the time, and in that situation the defendant's dog was permitted

by him to run at large on the premises. The boy entered through an open gate at the time he was bitten.

Defendant's counsel moved to nonsuit at the end of plaintiff's case, and for a direction of a verdict at the close of the testimony, both of which motions were denied, and the cases were submitted to the jury, who found for the plaintiffs, as stated. These are the only grounds of appeal.

It is perfectly obvious that the defendant-appellant is not entitled to a reversal of the judgments. The reason is that there was evidence to support them, and this court will not review the findings of fact in a court below beyond ascertaining that there was evidence to support such findings. *Larned* v. *MacCarthy,* 85 *N. J. L.* 589.

The plaintiffs, under the facts in this case, were entitled to go to the jury if they showed—*first,* that the defendant owned the dog; *second,* if the boy was bitten by the dog and injured; and *third,* if the defendant knew that the dog had previously bitten other people. There was testimony establishing defendant's liability and the plaintiff's right to recover on all of these grounds. Ownership of the dog was admitted by the defendant.

Counsel for appellant relies upon *DeGray* v. *Murray,* 69 *N. J. L.* 458, but in our judgment the doctrine in that case is not applicable to the one at bar. It was there held that the owner of a vicious dog will not be liable for injury inflicted by it if it escapes from control, where the owner has exercised a degree of care commensurate with the danger to others which would follow from such an escape. That is not this case. The owner here failed to control the dog. He appears to have regarded it, or at least to have treated it, as being docile and not vicious.

The appellant contends that the infant plaintiff was not upon his premises by invitation or license, but as a trespasser, and that, therefore, he is not liable to respond in damages for the injury to the boy inflicted by the biting by the dog. The doctrine of invitation and license need not be considered, for recovery was properly had even if the boy were a trespasser.

The doctrine is that in an action for injuries caused by an attack by a vicious animal kept by a person on his premises, the mere fact that the injured person was a trespasser at the time will not, as matter of law, defeat the action.

A leading case on this subject is that of *Marble* v. *Ross,* 124 *Mass.* 44. There was evidence tending to show that the plaintiffs' intestate received his injuries in the defendant's pasture, where he was at the time a trespasser, and that when he went upon the premises he knew there was a stag there, and understood that it was vicious. It was not contended that the defendant placed the stag in the pasture for the purpose of keeping off trespassers or of having the stag frighten or injure anyone. Mr. Justice Morton said (at *p.* 48) :

"In the case at bar it appeared that the defendant knowingly kept a vicious and dangerous stag in a large pasture, and the plaintiffs' intestate, while in the pasture, was attacked and injured by it. The defendant requested the court to rule that if the plaintiffs' intestate was a trespasser in the pasture, they could not recover. We are of opinion that the court rightly refused this ruling. The mere fact that the intestate was upon the defendant's land without his consent would not defeat the right of action. The unlawful character of his act did not contribute to his injury or affect the defendant's negligence. * * *

"The fact, therefore, that the intestate was committing an unlawful act at the time of his injury would not prevent his recovery. Nor does the fact that this unlawful act was a trespass upon the defendant's land necessarily have this effect. It is true that, as a general rule, a trespasser who is injured by a pit or dangerous place upon the land of another, excavated or permitted for a lawful purpose, cannot recover damages therefor, because the owner of the land owes no duty to him, and therefore was not negligent to him; but it is clear that the owner of land cannot wantonly injure a trespasser. If he does, he is liable civilly as well as criminally. The law holds the keeper of an animal known to be dangerous, which injures another, to the same degree of responsibility as in cases of wanton injury, and the fact that the person injured

is trespassing does not exonerate such owner from the consequences of his negligence."

And at *p.* 49 :

"If Marble voluntarily and negligently put himself in a position which was likely to result in injury, and the injury happened, his negligence is a contributing cause, and he could not recover. The fact of his knowledge that the stag was in the pasture and was dangerous would be important evidence tending to show negligence, but we cannot say, as matter of law, that it would conclusively prove it. This might depend upon the size of the pasture, the position of the stag in it, and other circumstances which are proper for the consideration of the jury. The test is, whether the plaintiffs' intestate, in entering the pasture, exercised that degree of care which reasonable and prudent men use under like circumstances. This is a question of fact for the jury upon all the evidence."

We think that Marble *v.* Ross well states the law of the case under consideration. The boy had gone upon the defendant's estate every day for a year to deliver his papers; and at the time he was attacked by the dog he was on the regular route he had always taken. He was not guilty of any contributory negligence, if he is to be believed when he says that he did nothing to excite the dog, which he did not see until it was about five feet away from him. He had only seen the dog once before, and, although someone had told him that it would bite, the tenants said he should not be scared because it would not bite or do anything like that.

In no aspect of the cases at bar can it be said *as matter of law* that the defendant was not liable. The cases were properly submitted to the jury, and the judgments entered upon the verdicts must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 9.

*For reversal*—None.