AUGUSTA BACKHOFEN, PLAINTIFF-APPELLANT, v. ROSE BLUMETTI, ADMINISTRATRIX OF THE ESTATE OF NICHOLAS BLUMETTI, DECEASED, DEFENDANT-APPELLEE.

Submitted December 21, 1922—Decided February 20, 1923.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-appellant, John F. Ryan.

For the defendant-appellee, Salvatore F. LaCorte.

PER CURIAM.

This is a dog-bite case. The defendant owned and occupied a house with a lot adjoining thereto on the south and used as a yard. In this yard he kept a vicious dog whose kennel was at the back of the yard away from the street, and which was kept under control by a collar and chain attached to a ring, and the ring was free to move upon a slack wire. One end of this slack wire was attached to the defendant's house and the other to a post diagonally opposite to it in the yard. On the other side of this vacant lot, used as a yard, was a house and lot occupied by a Mrs. Cheviar, who was a tenant of the original deceased defendant, suit having been revived as

against the executor. It appears from the state of the case without dispute that the access from Mrs. Cheviar's house to her own yard in the rear of her house was not through a back door, but was through a side door giving into the vacant lot where the dog was kept and by an accustomed pathway toward the back of the vacant lot, and then through a gateway in the fence into Mrs. Cheviar's back yard. There seems to be no dispute on this point.

The plaintiff went to visit Mrs. Cheviar and the latter invited the plaintiff to go out into her garden. The two went out through the side door and were proceeding toward the gate, and, in fact, had about reached it, when the plaintiff was attacked and bitten by the dog, which had sufficient slack on the wire and his own chain to be enabled to reach her as she was attempting to pass through the gate.

The trial judge found that defendant's intestate owned the dog, that the dog had vicious propensities, that the owner had knowledge thereof, that plaintiff was lawfully on the premises, but he held that there should be a judgment for the defendant because, first, the owner of the dog had exercised reasonable care, and secondly, that the plaintiff was guilty of contributory negligence. In this latter aspect, the state of the case indicates that plaintiff testified that she did not know that the dog had ever bitten anybody, but she, having been a resident of the neighborhood for several years, had heard of the dog's reputation in the same neighborhood for viciousness; that she did not see the dog until after she was bitten; that she was not thinking about him, but that she always used the front entrance to Mrs. Cheviar's house because she was afraid of the dog.

Under the ruling in *DeGray* v. *Murray*, 69 *N. J. L.* 458, and subsequent cases, the owner of a dog known to him to be vicious is under the duty of using such care as is reasonably required to keep him from getting loose and doing injury, and, consequently, his liability is to be ascertained under the principles of the law of negligence. This being so, the rules of contributory negligence necessarily apply. In the present

case, there are facts from which a jury, or the court sitting as a jury, would be entitled to find that the plaintiff was guilty of contributory negligence; for example, that the plaintiff had heard the dog was vicious and always used the front entrance because she was afraid of him, and that, notwithstanding this state of mind, undertook to pass through premises where she was liable to be bitten by him. Contributory negligence being, in such case, a question of fact, we cannot interfere with the finding of the trial court thereon. It is urged in effect that the great weight of evidence negatives contributory negligence of the plaintiff, but on an appeal of this character, it is well settled that we cannot deal with questions of weight of evidence. The only course is to affirm the judgment, and such will be the order.