82 N.J. Super. 8 (1964)
196 A.2d 535
THOMAS FOY, PLAINTIFF-RESPONDENT,
v.
DANIEL DAYKO AND JULIA DAYKO, INDIVIDUALLY AND T/A SEA HORSE TAVERN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1963.
Decided January 7, 1964.
*9 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. A. Henry Giordano argued the cause for appellants.
Mr. Maurice B. McLaughlin argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
This case presents the novel question whether provocation or contributory negligence are defenses to an action for a dog bite under the modification of the common-law rule resulting from the enactment by L. 1933, c. 427 of what became R.S. 4:19-16. In the present case the plaintiff recovered a jury verdict of $7,000 after the trial court declined to charge contributory negligence. Defendants appeal.
The facts here were sharply controverted. Plaintiff's version was as follows. At about 12:45 A.M. of the night of July 24-25, 1960, he went to the tavern conducted by defendants to get some beer. He took along a dog owned by his uncle, but left the animal outside the premises. Entrance to the tavern was via a closed, screened-in porch, which was not lighted except indirectly from the interior bar area. As plaintiff stepped into the porch he was "jumped" by a dog owned by defendants which bit his lip and posterior before someone came and pulled the dog off him.
The testimony of defendant Daniel Dayko, supported in part by that of his wife and a customer, was dramatically *10 different. The porch was well lighted, and on its outside there hung a sign, "Please, no dogs allowed." Daniel Dayko from inside the tavern saw plaintiff approach the door and shouted at him that he could not enter with the dog. Plaintiff said he only wanted some beer, but Dayko repeated the warning. The plaintiff nevertheless entered the porch with his dog, whereupon defendants' dog came forward and barked. Plaintiff, in Dayko's language, began "making motions, grr, grr, grr, grr * * * he was aggravating those dogs." The dogs then got into a fight, plaintiff attempted to separate them, and he was scratched in the process, according to Dayko, by plaintiff's own animal.
The pretrial order specifically sets forth provocation and contributory negligence as defenses. The trial court denied a written request to charge the jury submitted by defendants, reading, in part, that if the jury found that "plaintiff attempted to separate or provoked the dogs" they might "determine that the plaintiff in so doing was guilty of contributory negligence and is not entitled to recover damages." In instructing the jury the trial court gave no charge relative to the legal consequences of any finding of provocation or negligence on the part of plaintiff. When called upon for objections to the charge as given, defendants' counsel stated: "I have no objection to the charge * * * The only objection I have, your Honor, is the question of contributory negligence; that the defendant was not ." At that point the judge broke in: "I don't think negligence is in the case," and directed that the court officers be sworn.
The only questions raised on this appeal are the refusal to charge provocation and contributory negligence and the denial of a new trial sought on the grounds the verdict was against the weight of the evidence and that the verdict was excessive. We need only consider the first point.
R.S. 4:19-16 reads as follows:
"The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such *11 damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.
For the purpose of this section, a person is lawfully upon the private property of such owner when he is on the property in the performance of any duty imposed upon him by the laws of this state or the laws or postal regulations of the United States, or when he is on such property upon the invitation, express or implied, of the owner thereof."
Our decisions prior to the adoption of the statute reflect some contrariety of view as to the common-law basis for dog bite liability. In Emmons v. Stevane, 77 N.J.L. 570 (E. & A. 1909), the rule of liability for injury inflicted by a domestic animal known to its owner to have a vicious disposition was found to stem from the absolute common-law liability for the acts of wild animals kept by an owner. "The action against the harborer did not proceed upon negligence" but on the theory that knowledge of the vicious nature of the animal made the owner liable as an insurer. Id., at p. 572. Absent such knowledge, there was no liability for the injury inflicted by a dog at all. The court in Emmons referred to the possible modification of the doctrine in DeGray v. Murray, 69 N.J.L. 458 (Sup. Ct. 1903), wherein it was held that there was only a duty of due care on the part of an owner who knew of the vicious propensities of his dog, but the court in Emmons deemed the matter not necessary of resolution in that case on its facts. 77 N.J.L., at p. 572.
In Eberling v. Mutillod, 90 N.J.L. 478 (E. & A. 1917), however, the Court of Errors and Appeals plainly moved in the direction of adoption of the theory of negligence as the basis for the action when it distinguished, but without any suggestion of disapproval of the reasoning in DeGray v. Murray, supra. Squarely standing on the negligence theory, moreover, is Backhofen v. Blumetti, 1 N.J. Misc. 11 (Sup. Ct. 1923), which held that since the action rested on negligence, contributory negligence was a proper defense. It may fairly be concluded that this was the posture in which the law stood when the 1933 act was adopted.
*12 Plaintiff contends that the statute reads in terms absolutely conclusive of liability upon the occurrence of the stated conditions, i.e., the biting by the defendant's dog of a person lawfully on defendant's premises. He argues, first, that the absence of any qualification of liability in the statutory language for the defenses of contributory negligence or provocation precludes any implication thereof by construction; and, second, that since the predicate of liability is no longer negligence, but the statutory conditions, there is no rationale for the survival of contributory negligence as a defense. Defendants respond that the statute indicates on its face that its only purpose was the elimination of the absolute defense of absence of scienter and that it is therefore to be presumed that it was intended that common-law rules of liability in all other respects, including the availability of the defense of contributory negligence, were to continue in effect.
It is a fairly debatable question whether this argument by defendants, not developed to any extent in their brief, is valid in respect of the implied corollary that the basis for liability even under the statute continues to consist of the defendant's negligence, the only change in the law being the elimination of the defense of lack of scienter (so held as to a comparable statute in Nelson v. Hansen, 10 Wis.2d 107, 102 N.W.2d 251, 258 (Sup. Ct. 1960)). But this latter issue was not raised at all below and is not expressly articulated or discussed in the briefs on this appeal. We therefore pass it, the subject being too substantial to adjudicate without argument. We thus approach those issues which are actually here raised on the assumption, arguendo, that the statute creates liability without regard to the defendant's negligence.
Statutes in derogation of the common law are ordinarily strictly construed. This doctrine has been applied in relation to a statute forbidding the delivery to a carrier of dangerous materials without informing it of their true character, and providing that an offender "shall be civilly liable for all damage that may occur therefrom," the court holding that negligence remained the basis for any tort action in relation *13 thereto and contributory negligence a good defense. Carlo v. The Okonite-Callender Cable Co., 3 N.J. 253, 265-266 (1949). On close scrutiny of the verbiage used in the 1933 dog bite liability statute, we are not persuaded that the Legislature intended thereby to make an owner liable for injuries by dog bite where the injured person's own careless or provocative conduct was a contributory causal factor in the mischance. The act is distressingly ambiguous on its face. The casual dictum in Rowland v. Wunderlick, 113 N.J.L. 223, 226 (Sup. Ct. 1934), as to the act's making the liability of the owner absolute without regard to the owner's knowledge of the animal's viciousness, is obviously not helpful in this connection. The "regardless" clause of the statute is surplusage under plaintiff's contention as to its proper construction. However, an inference of surplusage in a legislative enactment should not be readily entertained. Here, the implication in that clause that the dominant, if not sole, purpose of the statute was to deprive dog owners of the former absolute exculpation from liability where scienter was not proved is most compelling. The legislative history does not resolve the ambiguity in the statute. The introducer's statement on the bill states that the purpose of the act is expressed in its title. The title reads: "An Act providing for the recovery of damages by persons bitten by dogs and creating a liability of the owners of such dogs." While the last clause might be contended to bespeak a new, fully self-contained instrumentality of liability, it may equally persuasively be said merely to create a new liability of owners in the sense that it is unqualified by the former defense of lack of scienter.
Plaintiff frankly concedes that the logic of his position requires denial of the defense of deliberate provocation as well as any other type of contributory negligence. But the patent indefensibility of allowing a person who provokes an animal into attacking him from recovery of damages from its owner has led practically all courts which have considered the question to allow such a defense as against a statutory cause of action not expressly mentioning it. See Annotation, 66 *14 A.L.R.2d 916, 942 et seq. (1959). We have no hesitation at all in so holding in relation to our own statute.
This much established, how much less fault by a plaintiff in contributing to his injury should be taken as marking the line beyond which a defense should not be recognized under the statute? Should any line be drawn at all, short of ordinary concepts of contributory negligence in tort? Reflection on the facts of the instant case may be helpful. A jury could have here found that there was no intentional provocation but that plaintiff undertook to separate the two dogs while they were in the heat of combat. Suppose this happened on a public street and the incident arose between two dog-walkers. Is it reasonable to assume the Legislature intended by this enactment that if one of the owners carelessly got between the fighting animals to separate them and was consequently bitten by the other's dog, he should have recovery from the other? Is a different result indicated where the owners are tavern-keeper and prospective patron (putting to one side the question, not raised by defendants, whether plaintiff was lawfully on the premises with a dog, if he was notified in advance that the dog was not allowed)? Or suppose a patron of a tavern or store negligently steps on the tail or foot of a gentle pet of the owner which instinctively reacts to the pain by snapping at the patron?
Reflection on these illustrative hypothetical situations convinces us that the Legislature did not intend to abolish the defense of contributory negligence in enacting R.S. 4:19-16. We deem it implicit in the statute, having regard to the limited motivation for its adoption, that the Legislature intended the salutary and just result of precluding recovery by one whose own negligence proximately resulted in his injury. This is the view which has been taken of the matter by a substantial majority of those jurisdictions adopting liability statutes not expressly mentioning the plaintiff's fault or negligence. See Annotation, op. cit. (66 A.L.R.2d, at pp. 945 et seq.). Note particularly that Massachusetts, whose statute has been construed as not positing liability on *15 the owner's negligence, nevertheless holds contributory negligence to be a defense. Canavan v. George, 292 Mass. 245, 198 N.E. 270, 271 (Sup. Jud. Ct. 1935); Ryan v. Marren, 216 Mass. 556, 104 N.E. 353, 354 (Sup. Jud. Ct. 1914).
Plaintiff contends that in any case defendants did not adequately raise the issue of contributory negligence below. We think they did, particularly in view of the fact that this point had not theretofore been ruled upon in any reported decision since the adoption of the statute. While defendants' request to charge on the issue was not properly framed, it nevertheless sufficed to alert the trial court to the defendants' position on it (as did the pretrial order), and, the subject matter being fundamental to a correct determination of the case by the jury, it required inclusion in the charge. Moreover, the defendants again mentioned the subject of contributory negligence in objecting to the charge as delivered. The trial court plainly saw the point, but construed the statute differently from defendants.
Reversed and remanded for a new trial.