94 N.J. Super. 5 (1967)
226 A.2d 723
ROSALIE M. TANGA, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR ROBERT TANGA, ETC., PLAINTIFFS-APPELLANTS,
v.
LOUIS TANGA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1966.
Decided January 5, 1967.
*6 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Myron J. Bromberg argued the cause for appellants (Messrs. Porzio, Bromberg & Newman, attorneys).
Mr. Martin Newmark argued the cause for respondent (Mr. George P. Helfrich, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This case presents for the first time the necessity for an appellate court to squarely decide whether New Jersey's "dog-bite" statute establishes a general rule of strict tort liability for injuries inflicted to another by the bite of one's dog. We hold that it does.
*7 The statute, R.S. 4:19-16 (L. 1933, c. 427), reads as follows:
"The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.
For the purpose of this section, a person is lawfully upon the private property of such owner when he is on the property in the performance of any duty imposed upon him by the laws of this state or the laws or postal regulations of the United States, or when he is on such property upon the invitation, express or implied, of the owner thereof."
In Foy v. Dayko, 82 N.J. Super. 8 (App. Div. 1964), certification denied 41 N.J. 602 (1964), we had occasion to consider whether under this act contributory negligence of the victim barred recovery. We held that it did, whether or not the statute was otherwise construable as positing liability on fault or negligence though barring the previous defense of non-scienter, rather than as creating strict liability regardless of the owner's fault. We refrained from decision of the latter question  that now confronting us  because the issue had not been adequately briefed or argued and was not essential for determination in deciding the issue as to contributory negligence. In Foy we thought the statute "distressingly ambiguous on its face" (at p. 13).
More recently we described the statute as "remedial legislation entitled to a liberal interpretation." Gross v. Dunham, 91 N.J. Super. 519, 522 (App. Div. 1966).
The evidence at the trial here was as follows. The infant plaintiff, a child of eight, was bitten on the cheek by a cocker spaniel while a guest at the home of his uncle, owner of the dog. The boy testified that he was going to pet the dog when it jumped at him and bit him. The child's father gave testimony that defendant told him after the accident that the dog had had sore ears at the time. This was denied by *8 defendant. The issue of contributory negligence was abandoned at trial.
The trial judge refused to permit plaintiffs' counsel in summation to tell the jury that the statute created strict liability without regard to negligence and charged the jury, in effect, that plaintiffs could not recover unless they showed negligence. The jury was instructed that the only effect of the statute was to relieve plaintiffs of the necessity of proving the viciousness of the animal and defendant's knowledge thereof. Adequate objection was made by plaintiffs to that portion of the charge. The jury returned a verdict of no cause of action; hence plaintiffs' appeal.
Ordinarily, in attempting to discern the meaning of an ambiguous statute, particularly in the area of the common law, it is useful to examine the pre-existing state of the law for clues as to the legislative conception of the "mischief" in the prior law and the "remedy" envisaged therefor through the new legislation. 50 Am. Jur. Statutes, § 305, p. 291; Pine v. Okzewski, 112 N.J.L. 429, 435 (E. & A. 1934).
A mere reading of the statute denotes, at the least, legislative concern with the prior apparent barrier to recovery constituted by the dog owner's lack of knowledge (scienter) of any previous viciousness of the dog. Knowledge by owners or harborers of any vicious or injurious propensities of their domestic animals, like dogs, operated at common law to put such owners in the same liability category as keepers of wild or undomesticated animals, presumed to be harmful. Keepers of such animals were subject to strict liability to victims of injuries therefrom as insurers. Prosser on Torts (3d ed. 1964), pp. 513, 514; 2 Harper and James, Torts (1956), § 14.11, pp. 833-835; 3 C.J.S. Animals § 151, pp. 1256, 1257. There is an abundance of New Jersey cases recognizing these principles and the underlying rationale that scienter of the dog's viciousness causes liability to rest on the mere harboring of the animal  not on negligence in its keeping and control. Emmons v. Stevane, 77 N.J.L. 570, 572 (E. & A. 1909); Barber v. Hochstrasser, 136 N.J.L. 76, 79 *9 (Sup. Ct. 1947) (not affected by the statute because injury other than bite); Dranow v. Kolmar, 92 N.J.L. 114 (Sup. Ct. 1918); see, apparently assuming the rule to be as stated and applying it without discussion, Gladstone v. Brinkhurst, 70 N.J.L. 130 (Sup. Ct. 1903); Perkins v. Mossman, 44 N.J.L. 579 (Sup. Ct. 1882); Evans v. McDermott, 49 N.J.L. 163 (Sup. Ct. 1886); Roehers v. Remhoff, 55 N.J.L. 475 (Sup. Ct. 1893).
An aberrant note was introduced by the decision by the former Supreme Court, per Chief Justice Gummere, in DeGray v. Murray, 69 N.J.L. 458 (Sup. Ct. 1903), which held that notwithstanding the owner's knowledge of his dog's viciousness he could not be held liable where he had exercised due care in confining the animal indoors but it had nevertheless broken out into the street. The basis for the decision was the court's outright disagreement (at pp. 460-461) with the leading British decision for liability as an insurer of an animal-owner with scienter, May v. Burdett, 9 Q.B. (N.S.) 101, 115 Eng. Rep. 1213 (1846). But in Emmons v. Stevane, supra, the Court of Errors and Appeals reiterated the rule of liability as not proceeding on negligence but rather on the liability of the owner as an insurer, citing May v. Burdett, supra, and adding (77 N.J.L., at p. 572) "except perhaps as modified by what was said in DeGray v. Murray" (emphasis added) but which the court found it "unnecessary to consider" as the point in DeGray was not raised. In Eberling v. Mutillod, 90 N.J.L. 478 (E. & A. 1917), the court assumed the authority of DeGray but failed to find such exercise of control over the dog by the owner (at p. 480) as to preclude the application in the particular case of the ordinary rule of strict liability where there was scienter. In Backhofen v. Blumetti, 1 N.J. Misc. 11 (Sup. Ct. 1923), DeGray was squarely endorsed. But in Justice Heher's opinion in Barber v. Hochstrasser, supra, a comprehensive review of the law, there is no citation of the DeGray case or reference to the defense of due care but rather a restatement in classic terms of the rule of liability as an insurer for the *10 keeping of domestic animals known to be vicious, citing Emmons v. Stevane, supra (136 N.J.L., at p. 79)[1].
Passing from the question of negligence as an essential prerequisite to liability to that of negligence as an independent basis for liability at common law irrespective of scienter, we find the latter principle well established. 2 Harper and James, op. cit., at p. 837; Prosser, op. cit., at p. 516; 3 C.J.S. Animals § 149, p. 1252. There is no reported New Jersey case expressly applying the rule of negligence to hold liable a dog possessor without scienter, nor any denying the subsistence in this State of the general rule in that context. References to the general rule are found in Angus v. Radin, 5 N.J.L. 957, 958-959 (Sup. Ct. 1820) and Healey v. P. Ballantine & Sons, 66 N.J.L. 339, 342 (Sup. Ct. 1901) (applying the rule to the situation of a horse being led on a sidewalk). Reported instances elsewhere of application of the rule as against dog owners lacking scienter are rare.[2] But there is no reason to doubt that there might have been common-law liability in negligence for injury inflicted by an ordinarily temperate dog upon a house guest because of irritability of the dog due to temporary illness known to the owner and not to the guest (compare the testimony in the instant case).
*11 With this background as to the law pre-existing the statute, we approach the construction of the statute in relation to the precise issue here presented. Although the statute obviously eliminates the factor of the owner's ignorance of the viciousness, if any, of his dog, as a basis for exculpation from liability, is the establishment by the plaintiff of the negligence of the owner a surviving prerequisite for liability?
In the light of the analysis we have made of the statute hereinafter it will make no difference whether or not we accept DeGray v. Murray, supra, as authoritative of the law of this State when the 1933 statute was adopted.
In two reported cases New Jersey judges have in dicta stated or assumed the statute calls for absolute liability upon the occurrence of the statutory conditions. Rowland v. Wunderlich, 113 N.J.L. 223, 226 (Sup. Ct. 1934) (Case, J.), and Prentiss v. National Airlines, 112 F. Supp. 306, 311, n. 11 (D.C.N.J. 1953) (Hartshorne, J.). As noted, we contemplated but did not resolve the problem in Foy v. Dayko, supra, but did decide that the Legislature did not intend to permit recovery where the plaintiff was contributorily negligent. The bar of contributory negligence is not incompatible with the concept of strict liability in tort of the defendant. Cf. Cintrone v. Hertz Truck Leasing, etc., 45 N.J. 434, 458-459 (1965).
The introducer's statement on the bill which was enacted as L. 1933, c. 427, states that the purpose of the act is expressed in its title. The title reads: "An Act providing for the recovery of damages by persons bitten by dogs and creating a liability of the owners of such dogs." (Emphasis added) While this is not necessarily revelatory of the legislative intent in the light of the whole enactment, Foy v. Dayko, supra (82 N.J. Super., at p. 13), it may be significant that it was reported at the time of the signing of the bill that it had been opposed by the then president of the Senate "on the grounds it made the owner responsible even if all reasonable precautions had been taken." New York Times, December 5, 1933.
*12 Certainly the statute sounds in unqualified liability where a person who is where he has a right to be is bitten by a dog. The sole basis for the contention that it was not intended to relieve the victim of the necessity of showing negligence is the "regardless" clause of the statute. However, mature reflection over the matter persuades us that the clause should not be read to qualify the plain purport of the preceding language as unequivocally declaring liability on the operative facts stated therein ("The owner * * * shall be liable * * *"). The "regardless" clause does not read in terms of operative provisional or qualifying effect but rather in language of explanation. It is just as though the Legislature had declared there should be absolute liability whether or not the dog was previously vicious and whether or not, if he was, the owner knew it. In that view, the Legislature was simply taking pains to emphasize its intent[3] to ordain liability in all cases of dog-bite, i.e., where the dog was vicious, where it was not, where the owner knew of viciousness, if any, and where he did not, so long as the victim of the bite was where he had a right to be. And, giving due effect to the absolutism of the operative language in the act preceding the "regardless" clause, the existence vel non of negligence by the owner was immaterial. It would have been simple for the Legislature to have provided merely that thenceforth one injured by dog-bite should not be barred from recovery by reason of the owner's lack of knowledge of the dog's vicious propensities, had that been the sole intent.
A number of other states have adopted statutes with the general purpose of broadening liability for damage by dogs, *13 usually with exceptions for contributory negligence or provocation by the victim. For the most part, where such statutes have used the language "shall be liable" or the equivalent, they have been held or assumed to eliminate the necessity for the plaintiff to show negligence by the defendant. See, e.g., Leone v. Falco, 292 Mass. 299, 198 N.E. 273 (Sup. Jud. Ct. 1935); Raymond v. Bujold, 89 N.H. 380, 199 A. 91 (Sup. Ct. 1938); Silverglade v. Von Rohr, 107 Ohio St. 75, 140 N.E. 669 (Sup. Ct. 1923); Wojewoda v. Rybarczyk, 246 Mich. 641, 225 N.W. 555 (Sup. Ct. 1929); Janssen v. Voss, 189 Wis. 222, 207 N.W. 279 (Sup. Ct. 1926); Knapp v. Ball, 175 So.2d 808 (Fla. D. Ct. 1965); Beckert v. Risberg, 33 Ill.2d 44, 210 N.E.2d 207 (Sup. Ct. 1965); Verrilli v. Damilowski, 140 Conn. 358, 100 A.2d 462 (Sup. Ct. Err. 1953); Lavalle v. Kaupp, 240 Minn. 360, 61 N.W.2d 228, 40 A.L.R.2d 539 (Sup. Ct. 1953); Smythe v. Schacht, 93 Cal. App.2d 315, 209 P.2d 114, 118 (D. Ct. App. 1949) (involving a statute very similar to that of New Jersey); cf. Stephens v. Schadler, 182 Ky. 833, 207 S.W. 704 (Ct. App. 1919); Kling v. United States Fire Insurance Company, 146 So.2d 635 (La. Ct. App. 1962). And see the references to statutes of this description in 2 Harper & James, op cit., § 14.12, p. 840; Prosser, op cit., p. 516.
The only decision contrary to the unbroken line of authority cited above is Nelson v. Hansen, 10 Wis.2d 107, 102 N.W.2d 251 (Sup. Ct. 1960).[4] But the rationale seems based on the theory that the statute was not intended to eliminate common-law liability for negligence, and the holding was merely that since the statute had already been construed to permit the defense of contributory negligence, the statute of comparative negligence would also apply.
*14 In any event, assuming the Nelson case can be read to compel a plaintiff to show defendant's negligence in order to recover, the general line of authority construing comparable statutes to the contrary seems to us more logical and persuasive. We find considerable cogency in the attribution by the Connecticut court to such a statute of the philosophy that "where one of two innocent persons must suffer loss from an act done, it is just that it should fall on the one who caused the loss rather than upon the other who had no agency in producing it and could not by any means have avoided it." Granniss v. Weber, 107 Conn. 622, 141 A. 877, 878 (Sup. Ct. Err. 1928).
We are satisfied that our Legislature in adopting the statute contemplated that all dogs, even those ordinarily harmless, have a potential for biting, and that owners should as the social price of keeping them compensate those innocently sustaining injury in that fashion.
It follows that the judgment must be
Reversed; no costs.
NOTES
[1] An interesting analysis purports to reconcile the authorities as imposing absolute liability only when the dangerous animal (of whatever species) wreaks harm off the possessor's premises, the cases on liability for harm done on the premises being based upon or consistent with the existence of negligence. McNeely, "A Footnote on Dangerous Animals," 37 Mich. L. Rev. 1181 (1939).
[2] This may in part be due to the fact that traditionally tame animals like dogs have been permitted to run at large. See Restatement, Torts (1938), § 518, comment (j), p. 40. However, keepers of dogs have been held liable on principles of negligence in Baley v. J.F. Hink & Son, 133 Cal. App.2d 102, 283 P.2d 349 (D. Ct. App. 1955), and Russo v. Schieber, 11 Misc.2d 842, 175 N.Y.S.2d 188 (Sup. Ct. 1958), affirmed 8 A.D.2d 986, 191 N.Y.S.2d 146 (App. Div. 1959); and see Fardon v. Harcourt-Rivington, 146 L.T.R. (H.L.) 391 (1932); Westwater v. Southern Pac. Co., 38 Cal. App.2d 369, 101 P.2d 154 (D. Ct. App. 1940).
[3] An excess of caution might have been indulged by the Legislature to avoid such a result as that in early District of Columbia cases holding that, in view of the rule of strict construction of statutes in derogation of the common law, scienter still had to be shown despite a statute reading: "Any person owning any dog * * * shall be liable * * * for any damage done by said dog to the full amount of the injury inflicted." See Karlow v. Fitzgerald, 110 U.S. App. D.C. 9, 288 F.2d 411, 412-413 (D.D.C. Cir. 1961). However, most comparable state statutes were not so restrictively construed. See Annotation, 142 A.L.R. 436 (1943).
[4] Construing a statute declaring that "the owner or keeper of any dog which shall have injured or caused the injury of any person * * * shall be liable to the person so injured * * * for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous * * *." Sec. 174.02, Stats.