168 N.J. Super. 122 (1979)
401 A.2d 1114
ELIZABETH MASCOLA, AN INFANT BY HER GUARDIAN AD LITEM, DOUGLAS REINA, PLAINTIFF-RESPONDENT,
v.
THOMAS AND JOYCE MASCOLA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1979.
Decided May 8, 1979.
*123 Before Judges HALPERN, ARD and ANTELL.
Mr. Joel N. Werbel argued the cause for appellants (Messrs. Methfessel & Werbel, attorneys).
Mr. Richard E. Fleischer argued the cause for the respondent (Messrs. Fleischer, Fleischer & Lainer, attorneys).
PER CURIAM.
This is a "dog bite" case. The sole issue in this appeal is whether a person in temporary custody of a *124 dog is an "owner" subject to the doctrine of strict liability as set forth in N.J.S.A. 4:19-16.
The essential facts are not in dispute. The infant plaintiff's uncle, the owner of a Doberman pinscher, left it with the infant's parents for safekeeping while he was in Florida. The infant plaintiff, six years old at the time, was bitten by the dog in her parents' backyard while the dog was tied up. This action is by the infant against her mother and father by her guardian ad litem.
After issue was joined defendants moved for summary judgment on the strict liability count (count 1), contending that they were not "owners" of the dog and therefore not subject to N.J.S.A. 4:19-16.
The aforementioned statute provides:
The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.
For the purpose of this section, a person is lawfully upon the private property of such owner when he is on the property in the performance of any duty imposed upon him by the laws of this state or the laws or postal regulations of the United States, or when he is on such property upon the invitation, express or implied, of the owner thereof.
In denying the motion for summary judgment the judge reasoned that the term "owner" in the statute "shall include every person having a right of property in such dog and every person who has such dog in his keeping."
Although the record is not clear plaintiff, apparently relying on this interpretation of the statute, then moved before another judge for summary judgment in favor of the infant. The motion was granted. Although the briefs and appendices do not make clear the full import of the latter order, apparently it was a partial summary judgment pertaining to liability only on count 1. Thereafter we granted leave to appeal.
*125 We first address ourselves to the reliance placed upon the definition of "owner" in the Rabies Control Act (N.J.S.A. 4:19-15.1 to 15.29) as an aid in interpreting our "dog bite" statute. Under the circumstances here presented, we find no basis for applying the principle that statutes in pari materia should be construed together.
Chapter 19 of our statutes is divided into three articles. Article 1 is the Dog Tax and Liability Act of 1922, as amended, N.J.S.A. 4:19-1 to 9. Article 2 is the Rabies Control Act, N.J.S.A. 4:19-15.1 to 15.29, first enacted in 1941 with the expressed purpose to uniformly control and license dogs and kennels to aid in preventing the spread of rabies. L. 1941, c. 151, §§ 1-29. Article 3 is the "dog bite" statute, N.J.S.A. 4:19-16, passed in 1933, its purpose being to provide for "the recovery of damages by persons bitten by dogs and creating a liability of the owners of such dogs." L. 1933, c. 427, § 1. Although found to be somewhat ambiguous on its face, the latter has been construed as imposing strict liability on owners for dog bites. In Tanga v. Tanga, 94 N.J. Super. 5, 14 (App. Div. 1966), the court stated that "[w]e are satisfied that our Legislature in adopting the statute contemplated that all dogs, even those ordinarily harmless, have a potential for biting, and that owners should as the social price of keeping them compensate those innocently sustaining injury in that fashion."
No reason appears why the definition of the term "owner" in N.J.S.A. 4:19-16 should not be governed by the principle that "in the absence of an explicit indication of special meaning, words will be given their ordinary and well-understood meaning." Service Armament Co. v. Hyland, 70 N.J. 550, 556 (1976). While the term "owner" in the Rabies Control Act has been given a special expanded meaning, it is not indicative of any intent by the Legislature to have the term "owner" in the "dog bite" statute include a temporary keeper of a dog. Simply put, we find that, for the purposes of this case, the two acts are not to be construed *126 in pari materia. While they pertain to the same general subject matter of dogs, the laws were enacted for clearly different purposes or objects. State v. DiCarlo, 67 N.J. 321, 325 (1975). Moreover, the Rabies Control Act was enacted approximately eight years after the "dog bite" statute and provides an expanded definition of "owner," indicative that the Legislature realized that the term "owner" used in earlier statutes concerning dogs and their owners was not intended to include a keeper.[1]
Bigelow v. Saylor, 209 Iowa 294, 228 N.W. 279 (Sup. Ct. 1929), cited for support by plaintiff, is distinguishable. There, after a previous Supreme Court decision had determined that the term "owner" under the state's "dog bite" statute did not include a harborer or keeper, as it was defined in a different licensing and taxing statute, the separate statutes were re-enacted by new legislation into one chapter and the former statutes repealed. Thereafter, the court held that the broader definition would be applied to the "dog bite" statute, it now being part of one enactment. An analogous situation does not exist in New Jersey. The separate articles of our chapter 19 have never been repealed and enacted as new legislation.
A greater aid to legislative intent is the prior common law pertaining to dog bites. Tanga v. Tanga, supra 94 N.J. Super. at 8. Words and phrases having well-defined meanings in the common law are interpreted to have the same meanings when used in statutes dealing with the same or similar subject matter as that with which they were associated at common law. See 2A Sutherland, Statutory Construction, (4 ed. 1973), § 50.01-50.03, pp. 268-279.
At common law knowledge of a dog's viciousness by its owner, keeper or harborer caused liability to rest on the *127 mere harboring of the animal and not on negligence in its keeping and control. Tanga v. Tanga, supra at 8-9 (and cases cited therein).[2] One not an owner of a vicious dog may be liable as a keeper, if he is in fact such and has knowledge of its vicious disposition; and a person can also be liable as a joint owner or keeper if he has knowledge of the dog's vicious qualities. Barber v. Hochstrasser, 136 N.J.L. 76, 79 (Sup. Ct. 1947). Moreover, a bitten keeper or boarder of a dog may recover from its owner if he can prove the essential element of knowledge of its viciousness on the part of the owner. Emmons v. Stevane, 77 N.J.L. 570 (E. & A. 1908). Additionally, although proof of knowledge of a dog's viciousness has been eliminated in situations where the "dog bite" statute applies, a common law cause of action still exists as indicated by the reported cases where a person has been injured, but not bitten by a dog. Jannuzzelli v. Wilkins, supra 158 N.J. Super. at 41; Hayes v. Mongiovi, 121 N.J. Super. 272 (Law Div. 1972), aff'd 125 N.J. Super. 413 (App. Div. 1973). In summary, at common law, in diverse situations, a cause of action may still arise against either a keeper or owner of a dog.
Being in derogation of the common law, the "dog bite" statute should be strictly construed. Hayes v. Mongiovi, supra, 121 N.J. Super. at 274-275; Foy v. Dayko, 82 N.J. Super. 8, 12-14 (App. Div. 1964). In the absence of any language expressly holding that temporary keepers as well as owners are to be held strictly liable, we will not extend the meaning of "owner" to include them. Other jurisdictions with similar statutes are in accord. See Alexander v. Crosby, 143 Iowa 50, 119 N.W. 717 (Sup. Ct. 1909); Menches v. Inglewood Humane Soc., 51 Cal. App.2d 415, *128 124 P.2d 870, 871-872 (D. Ct. App. 1942); Annotation, "Validity, construction and effect of statute eliminating scienter as condition of liability for injury by dog or other animal," 1 A.L.R. 1113, 1121-1122 (1919), supplemented by 142 A.L.R. 436, 451-453 (1943). Thus, while only an "owner" may be strictly liable under the statute, a common law cause of action still lies against a keeper if his knowledge of the dog's viciousness is proven. If plaintiff is to recover under the "dog bite" statute, she must demonstrate that its express terms have been satisfied. Since we have determined that a keeper of a dog is not an "owner," she has failed in this obligation.
The partial summary judgment granted plaintiff on the first count is reversed and judgment is entered in favor of the defendant on that count. The matter is remanded for a plenary trial on the second count.
Reversed and remanded.
NOTES
[1] N.J.S.A. 4:19-15.1, "Definitions," provides in pertinent part, "`[o]wner' when applied to the proprietorship of a dog shall include every person having a right of property in such dog and every person who has such dog in his keeping."
[2] The view expressed in DeGray v. Murray, 69 N.J.L. 458 (Sup. Ct. 1903), that negligence in keeping and control must also be proved, is limited to situations where the dog escapes from the control its owner has exercised over it. Jannuzzelli v. Wilkens, 158 N.J. Super. 36, 45 (App. Div. 1978).